## BYERLEE V. MENDEL ET AL.

1. **Statute of Frauds:** CONTRACT: PAROL EVIDENCE. A contract not to be performed within a year from the time it is made, may be established by the parol testimony of the party to be charged. (Code, Sec. 3667.)

2. ———: ———: ———: PRACTICE. In an action to enforce such a contract, it is error to exclude the contract from the jury, if the evidence of the defendant tends to establish it.

3. **Contract:** WORK AND LABOR. Where a party hires himself to another for a fixed period, and leaves the service before the expiration of his term, though without fault on the part of his employer, he may recover the value of his services, as upon a *quantum meruit.* Following *Pixler v. Nichols*, 8 Iowa, 106.

4. ———: ———: MEASURE OF RECOVERY. Where a contract for work and labor, not to be performed within a year, is established by parol, under Sec. 3667 of the Code, and it appears that before the completion of the term the plaintiff left the service, the measure of his recovery for the services rendered is the price fixed in the contract, subject to reduction for the damages sustained by the employer by reason of the nonperformance of the contract. (*Corwin v. Wallace*, 17 Iowa, 374.)

*Appeal from Monroe Circuit Court.*

FRIDAY, SEPTEMBER 25.

THIS action is brought to recover from the defendants for one year's labor and services rendered by plaintiff's minor son for defendants. There was a jury trial, resulting in a verdict and judgment for the plaintiff. Defendants appeal.

*Yocum, Anderson & Robb*, for appellants.

*Perry & Townsend*, for appellee.

MILLER, CH. J.—The petition states in substance that, on the 1st day of October, 1872, the plaintiff entered into a verbal contract with defendants, who then comprised the firm of Mendel & Clapp, and were engaged in the conduct and management of a newspaper and the printing business, in the town of Albia, by which it was agreed that plaintiff's minor son, David N. Byerlee, should do and perform labor and services in and about said printing office and business for three years, at $200 for the first year and $50 additional each year, payable at the end of each year. It is alleged that said David N. Byerlee entered upon said service, and performed the same *according to the terms of the contract* for one year, and he claims to recover for the services rendered.

The defendants deny the allegations of the petition, and also allege the making of a contract as stated in the petition, except that they were to pay plaintiff for the services of his son at the expiration of his term of three years' services $50 for the first year, $75 for the second, and $100 for the third year, and also to pay plaintiff $2.00 per week for the boarding and washing of said David N. Byerlee, with ten per cent on the sums for the first and second years' services, etc.

They also aver that, by said contract, said David N. Byerlee was to perform labor and services for defendants in and about their printing business for the term of three years, for which they were to pay the compensation above specified, and also to teach said David the art and business of printing; that they kept and performed the contract on their part, but that, after said David had been in said service for one year, he quit the same without cause. They claim $260 for their trouble and time in teaching said David during the time he worked in the office, and for damages. They also allege that by reason of his failure to perform his contract his services were of no value to defendants.

Plaintiff, in his reply, denied the making of any such contract as that set out in the answer of the defendants, and further pleaded that it came within the statute of frauds, and was provable only by a writing signed by the parties.

On the submission of the cause the court instructed the jury as follows:

"1. The sole question for your determination in this case is, what amount, if any labor was performed for defendants by plaintiff's son, and what the same was reasonably worth, if anything, under the circumstances of the case. The contract not being capable of being performed within one year, can only be proved by written evidence, signed by the parties in the case, and consequently the plaintiff cannot recover under the contract, and his right to recover, if at all, is only on the contract that the law implies to pay what the services are reasonably worth, if anything, under the circumstances of the case; and the fact that there was a verbal contract between the parties at the time he commenced work, gives the plaintiff no right in itself and by virtue thereof to recover what was stipulated therein."

"2d. The contract charged in plaintiff's petitition, *or which has been given in evidence,* in this case, does not furnish you with the measure of damages in this case, and while you may look to it, *as bearing on that question,* yet, in doing so, it should be taken with great caution, because the same contemplated, at the time, a continuous service for three years, for the purpose of learning the printer's trade, and the boy quit the defendant's service at the end of a year and twenty days from the time he commenced. Before you should look into the contract for the purpose of seeing what value it has in determining the damages, you should be satisfied from the evidence in the case, that the services rendered were worth just the same under the contract, whether he quit the service of defendants at the time he did, or continued in defendants' service until the close of the three years."

These instructions contain several errors.

I. In the first place, the defendants' counter claim is entirely excluded from the consideration of the jury. They are told that only the claim of the plaintiff is to be considered. The defendants set up a claim for damages for a breach of the alleged contract. The court instructs that this contract can only be proved by writ-

1. STATUTE OF FRAUDS: contract: parol evidence.

ten evidence signed by the parties. The statute provides that, "except when otherwise specially provided," written evidence signed by the parties, or their agents, shall alone be competent to prove a contract "that is not to be performed within one year" from the making thereof. Code, §§ 3663, 3664. Sections 3666 and 3667 provide for exceptions to this general rule. By the first it is declared that the provisions of the statute are "regulations relating merely to the proof of contracts, and do not prevent the enforcement of those which are not denied in the pleadings." By the second, the party against whom an unwritten contract is sought to be enforced, may be called as a witness by the opposite party, and his oral testimony is competent evidence. If we concede that the contract set up by the defendants, and that set up by the plaintiff, fall within the fifth subdivision of the statute of frauds, still the oral contract as alleged by the plaintiff was provable by the oral testimony of the defendants, and so also the contract as alleged by the defendants was susceptible of being proved by the oral testimony of the plaintiff. All of these parties were witnesses in the case, and testified concerning the contract between the parties, and we may well say that the testimony of the plaintiff tended, at least, to establish the contract as the defendants alleged it in their answer.

Now, if such testimony was sufficient to establish the oral contract, then it was as well proven under the statute of frauds 2.——: ——: as if the contract had been in writing and duly practice. signed. Whether such testimony of the party was sufficient and did prove the contract, was a question of fact for the determination of the jury, and it was error to take the case from the jury as was done by the instructions.

II. The second instruction states the rule of damages incorrectly. It was first determined by this court in *Pixler v. Nichols*, 8 Iowa, 106, following *Britton v. Turner*, 6 N. H., 481, that 3. CONTRACT: where a party hires himself to another for a fixed work and labor. period of time, and leaves the service before the expiration of the term, without any fault on the part of the employer, the former may recover the value of the services performed, as upon a *quantum meruit*, without showing that

he left the service of his employer for good cause. But, in such a case, if the contract is broken by the fault of the party employed after part performance, the employer may set up in defense the breach of the contract for the purpose of reducing the damages, or showing that nothing is due, and to deduct what it will reasonably cost to procure a completion of the whole service, as well as any damages sustained by reason of the non-fulfillment of the contract.

In *Corwin v. Wallace*, 17 Iowa, 374, it was held that in an action to recover the reasonable value for materials furnished, and labor performed under a special contract, the measure of recovery is the contract price, less the payments made thereon, if any, and the damages sustained by reason of the non-performance thereof. The court in that case says: " Although the plaintiff had sued for the value and price of his work and material, as upon a *quantum valebat*, yet the court and jury were shut up to the measure of damages fixed by the parties themselves in the written contract;" and, further, that the jury were " properly instructed by the court, that, in fixing the value of the labor and materials furnished, they were to be governed by the *contract price.*" *McClay v. Hedge*, 18 Iowa, 66, 68, is to the same effect.

The petition states the contract and seeks to recover the reasonable value of the service performed by his son under this contract. This he may do, but under the case of *Corwin v. Wallace, supra*, the measure of his recovery is confined to the price agreed upon by the parties, under the contract as proved on the trial, and the defendants are entitled to set-off the damages sustained by reason of the non-performance of the agreement. If the contract, as alleged by the defendants, is proved by the testimony of the plaintiff, his recovery must be measured by its terms after deducting the damages, if any, which the defendants have suffered by reason of its non-fulfillment. Of course the right of the defendants to recover damages at all, must rest upon the fact that the plaintiff's son quit their service before the expiration of the term thereof, without their fault. *Pixler v. Nichols, supra*.

4 ——: ——:
measure of re-
covery.

The judgment of the court below will be reversed. Appellants having made unnecessary costs by printing questions to, and answers of witnesses in full, there will be but twenty pages of the abstract taxed in their favor.

REVERSED.