| 92  | 583 |
| 106 | 370 |

## C. S. YOUNG v. THE OMAHA & ST. LOUIS RAILWAY COMPANY, Appellant.

**Practice.** A paper was offered as being a deed and excluded upon objection that it was a copy. No foundation was laid for secondary evidence. After the ruling, counsel said the paper was a deed of which a copy was attached to the petition. *Held,* the presumption in favor of the action of the court is not overcome.

*Appeal from Fremont District Court.*—HON. WALTER I. SMITH, Judge.

### FRIDAY, DECEMBER 14, 1894.

ACTION to recover double damages for the killing of colts and hogs belonging to the plaintiff by the operation of defendant's trains, because of a neglect of defendant to maintain a proper or sufficient fence. Defendant, in a count of its answer, pleaded that it purchased the right of way across the land of plaintiff's predecessor, and that by the terms of the conveyance the grantor was to make a five-board fence along both sides of the right of way, of material to be furnished by defendant company; that the defendant did furnish the material, and that "any fault or negligence in the construction of the said fence along the said right of way was wholly the act of the plaintiff, and if the same was in any manner defective in its construction it was through the negligence of the plaintiff." To the answer was attached, as an exhibit, the conveyance of the right of way, containing the agreement to make the fences. To the answer pleading such defense there was a demurrer, which the court sustained, and upon a trial of issues formed there was a judgment for plaintiff, from which the defendant appealed.—*Affirmed.*

*Theodore Sheldon* for appellant.

*C. S. Keenan* and *G. B. Jennings* for appellee.

GRANGER, C. J.—On the trial the defendant offered in evidence a deed of the right of way, which the court excluded under objections that it was immaterial, and not the original deed. The ruling is urged as error. The record presents an assignment of error on the action of the court in sustaining the demurrer; but the assignment is not argued, and it must be treated as waived or abandoned. *Duncombe v. Powers*, 75 Iowa, 185, 39 N. W. Rep. 261; *Hull v. School District*, 82 Iowa, 686, 46 N. W. Rep. 1053, and 48 N. W. Rep. 82. A ground of objection to the deed offered and excluded is that it was not the original deed. If not the original deed, it was certainly not admissible without a foundation for secondary evidence, and none was laid, or attempted to be. After the ruling on the objection, the record shows that counsel for appellant stated that the paper offered was a deed, a copy of which was attached to the petition; but there is no identification whatever, and our presumptions must be in favor of the action of the court. From the record we have no means whatever of knowing the kind of a paper offered, except the statements of counsel, and they differ as to the identity of the instrument. It does not appear that the court was in error. It may further be said, without elaboration, that the offered testimony was immaterial after the ruling of the court on the demurrer to the answer. The judgment is AFFIRMED.