THOMPSON & SON v. W. H. BROWN and SUSANNAH BROWN, Appellants.

|106  367|
|116   90|
|116  294|
‾‾‾‾‾‾‾‾
|106  367|
|124  527|

|106  367|
|142   68|

Contract: BREACH: *Right of party not in fault.* One who hired another to drill a well in the vicinity of the house, which after being sunk to a considerable depth was of necessity abandoned by reason of a drill breaking in the well, after which he refused to permit the contractor to begin a new well, cannot evade liability in an action for breach of the contract, on the ground that he offered to let a well be sunk upon a distant part of the farm; especially where a new agreement as well as a new site were demanded by defendant.

SAME. The contractor had the right to start a new well when so compelled without fault to abandon the first one, since ordinary risks incidental to the work must be held to have been within the contemplation of the parties; and this though the landowner might under the contract, be compelled thus to board the workmen and teams, indefinitely.

SAME. A defendant who refused to permit the plaintiff to start a new well on his premises after a drill broke, which necessitated an abandonment of the first location, cannot, in an action to recover damages for breach of contract, deny the plaintiff's right to recover because he agreed to furnish a well and did not or because the work done was of no benefit to defendant.

JUSTIFICATION FOR. The use of profane and insulting language is no excuse for a refusal to permit one to carry out a contract, where the conduct of the other party tended strongly to provoke an outburst of wrath.

DAMAGES. In an action to recover damages for defendant's refusal to permit the plaintiff to drill a new well on his premises, after the first location was necessarily abandoned on account of a broken drill which could not be extracted, the plaintiff is entitled to recover such damages as would fully compensate him for labor done, and loss of time and material, where the contract price was to be computed by the depth of the well and was therefore uncertain.

ACTION: *Joint liability.* A wife who owned a farm and was present at the negotiations which led up to a contract with the plaintiffs for the drilling of a well on the premises is a proper party defendant in an action for breach of the contract, where the agreement was drawn and signed in her presence and both she and her husband orally promised to give their joint note for the cost of the well.

CONTRACT AND QUANTUM MERUIT: *Pleading.* One prevented from the completing of a contract for the drilling of a well who sets out his contract as a recital of fact and seeks to recover the reasonable value of work done and material furnished instead of the contract price, does not sue upon the contract but upon a *quantum meruit.*

**Pleading:** AMENDMENT: *Verification.* Under Code 1873, section 2680, authorizing courts to permit amendments without verification which do not inject a new and distinct cause of action, an unverified amendment may be permitted, which alleges that a contract to drill a well was made for the benefit of one defendant, and that she knew 'it was being drilled on her land, where the petition alleged that she had agreed to pay for the work; and this, though both petition and answer are verified.

SURPRISE. A party cannot complain of surprise because the court permitted an amendment to the petition to be filed on the day of trial, when it contained nothing of which evidence might not have been given under the original petition.

**Appeal:** SPECIAL INTERROGATORIES. An appellant cannot complain that special interrogatories presented by him were not submitted to the jury where none of them called for ultimate facts, and where if answered in his favor they would have not controlled the general verdict.

ARGUMENT ON ASSIGNMENT. Errors not assigned will not be considered.

INSTRUCTIONS REFUSED. Error cannot be predicated upon the refusal of instructions when the charge as given was full and accurate.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

SATURDAY, OCTOBER 15, 1898.

ACTION to recover damages arising from a breach of contract. Trial to jury. Verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Boardman & Boardman* for appellants.

*Meeker & Meeker* for appellee.

WATERMAN, J.—Plaintiff firm sues for breach of a contract partly written and partly oral, the written portion of which is as follows: "Bangor, Iowa, October 20, 1896. This

article of agreement, entered into between J. H. Thompson &
Son, of the first part, and W. H. Brown, second part.
We, Thompson & Son, of the first part, agree to drill
a well for W. H. Brown, second part, four-inch casing
galvanized as far down as possible.  W. H. Brown, second
part, agrees to pay $1.00 per lineal foot, and furnish board for
men and team.  Said J. H. Thompson & Son to furnish plenty
water, or no pay.  Water to supply a 2½ inch cylinder.  W.
H. Brown."  We shall refer to the oral terms of the agreement
hereafter.  The petition alleges that the contract was that.
plaintiff was to drill a well on the farm of Susannah Brown,
the wife of W. H. Brown, at or near the dwelling house·
thereon, for which defendants were to pay the sum of one·
dollar per lineal foot; and each agreed to sign a bankable
promissory note for the full price, which note was to mature·
January 10, 1897.  It is further charged that plaintiff com-
menced drilling the well October 20, 1896; that it purchased
the required casing, especially ordered for said well, with the·
knowledge of defendants, and continued drilling until about
November 20th of that year, and cased said well to the depth
of about eighty feet; that at the depth of about one hundred
and thirty feet plaintiff broke its drill in the well, and not
being able to extract it, was obliged to begin a new well;
that defendants refused to allow plaintiff to drill a new well,
but drove the members of the firm from the premises. Damages
are claimed in the reasonable value of the services of plaintiff
and team; for cost of casing repair of machinery, and the
wear and tear thereof.  Susannah Brown answers for herself,
and denies having made any contract with plaintiff.  W. H.
Brown, in his original answer, does not put in issue any
material fact alleged in the petition, but charges that plain-
tiff had been an unreasonable time at the work when he
refused to permit it to proceed with a new well.  He sets up·
also a counterclaim, in which he demands eight dollars and
seventy-five cents for keeping an extra horse during five.

weeks; one dollar for caring for plaintiff's team on four different Sundays; forty-nine dollars for plaintiff's board, and the keep of animals; and fifty dollars for general damage caused by such failure. In an amendment to his answer, W. H. Brown alleges that he desired plaintiff to drill a new well at another place on the farm after the accident to its machinery, and the failure of its first attempt, and that said firm refused so to do. By way of amendment to the petition, it is averred that said contract was made for the benefit of Susannah Brown, and that she knew said well was being drilled on her land. This amendment was filed on April 16, 1897, which was the day the cause came on for trial, and a motion to strike it was at once filed. As grounds for this motion, it is said that the amendment is not verified, although both petition and answer are sworn to; that it was filed too late, and takes defendants by surprise; and that the subject-matter thereof is immaterial. This motion was overruled and an exception duly taken. This exception affords basis for one of the numerous assignments of error. The court was justified in permitting the amendment to be filed without verification. Code 1873, section 2680. As to the matter of surprise, we have to say that the amendment contains nothing of which evidence might not have been given under the original petition. We might with propriety have disposed of this matter on another ground. While this error is mentioned in appellants' brief, it is not argued. Under our well-known practice, errors not argued will not be considered. *Young v. Railway Co.,* 92 Iowa, 583, *Welch v. Spies,* 103 Iowa, 389. One of the chief grounds of the motion arises in another form, and as it is discussed by counsel, as thus presented, and is also a matter involved under the original pleadings, it will next be noticed.

II. It is contended that Susannah Brown, not being a party to the contract, cannot be held liable in this action. The assumption of counsel seems to be that the written instrument

signed by W. H. Brown constituted the whole agreement between the parties. This is not in accord with the case made by plaintiff. There is evidence tending to show that the wife was present and took part in the negotiations which led up to the agreement; that the writing was drawn and signed in her presence, and after its execution both she and her husband orally promised to give their joint note for the cost of the well. We think there can be no question but that the wife is a proper defendant.

III.   It is claimed by defendants that, after the first well was abandoned, W. H. Brown pointed out a place upon a distant part of the farm where he was willing plaintiff might drill for a new well. Much is said by counsel for appellants in support of Brown's right to select the spot where the work should be done. It appears that the original contract was for a well in the vicinity of the house and barn. The place where Brown says he offered to permit plaintiff to drill the new well was not less than eighty rods from the buildings, and some of the witnesses say it was half a mile. It is undisputed that plaintiff, after the accident to its machinery, was willing to drill again in the vicinity of the spot originally selected, and that Brown refused to permit it, but, as defendants themselves claim, insisted that the work be done at the distant location which he pointed out. On this point the trial court instructed the jury, in substance, that, if it was found the parties in the first instance agreed upon the location where the well was to be drilled, then, when the first well was abandoned, plaintiff could not be required to move its machinery and drill a well in some distant place on the farm, where the conditions and conveniences were materially different from the original location. We regard this instruction as correct. And we may add further, in this connection, that, as we read the evidence, it shows beyond dispute that Brown never consented to plaintiff continuing work anywhere under the old contract, but insisted upon a new agreement as well as a new site.

IV. Another defense urged is that one member of plaintiff firm used profane and insulting language towards Brown, and this, it is thought, justified the latter in refusing to permit plaintiff to continue the work. The use by the junior member of the firm of the language charged is not denied. The circumstances under which he acted, as they appear in the evidence, lead us to think that Brown's conduct on this occasion tended most strongly to provoke an outburst of wrath. We need not go into details on this branch of the case. It is sufficient to say that after a careful reading of the whole record, we are convinced that this claim is more in the nature of a pretense than a reason.

V. From what has been said it is apparent that the trial court construed the contract as giving plaintiff a right to start a new well after having been compelled, without fault, to abandon the first one. This construction is complained of, and it is said to be unreasonable and unjust to require defendants to board the members of plaintiff firm and keep their animals, indefinitely. There is evidence tending to show that the accident to the machinery that caused the abandonment of the first well was not unusual, but was an ordinary risk of the work; that plaintiff was in nowise to blame, and that the abandonment of the first work was necessary when it was unable to extract from the well the portion of the drill that broke off. Ordinary risks and incidents of the work must be held to have been within the contemplation of the parties when the contract was made. This was the holding of the trial court, and we think it affords no just ground of complaint.

VI. Next we come to the trial court's instructions as to the measure of damages. The jury was told that, if the finding was in favor of the plaintiff, such damages should be awarded as would fully recompense it for all loss of time, labor done, and loss of material used. It is said first by appellants that plaintiff, having agreed to furnish a well, can recover nothing, because it failed to do so. Plaintiff's right to recover was properly based by the trial

court upon the condition that plaintiff was prevented by the fault of defendants from fulfilling its contract. We hardly think in such a case a defendant can find very secure shelter behind his own wrong. Again, it is claimed that the proper measure of damage is the difference between the contract price and the cost of doing the work. This is a correct rule in some, and perhaps in most cases of this character. *Scale Co. v. Beed,* 52 Iowa, 307; *Feasler v. Cotton Mills,* 51 S. C. 143 (28 S. E. Rep. 301). It applies whenever the total contract price is fixed or ascertainable. In the case at bar, while the price per foot was specified, the total sum to be paid for the well could not be known until the work was completed. In such a case, it is manifest, the rule mentioned could not obtain. In *Barr v. Van Duyn,* 45 Iowa, 230,—a case similar in principle to the one at bar,—we approved the doctrine announced by the trial court here, and we have no disposition to alter it or recede from it. An attempt is made to distinguish the *Barr Case* on the theory that the employer there received some value from the service rendered, while in the present case he does not. We think counsel, in their discussion of the matter, leave out of consideration some significant, and, indeed, controlling, facts. When a party renders some service under an entire contract, which is broken by his own fault, he may still recover, if he can show that his employer has been benefited thereby. *Crookshank v. Mallory* 2 G. Greene, 257; *Davis v. Fish,* 1 G. Greene, 406, *Eyser v. Weissgerber,* 2 Iowa 463; *Pixler v. Nichols,* 8 Iowa, 106; *Byerlee v. Mendel,* 39 Iowa, 382; *Wolf v. Gerr,* 43 Iowa, 339. But when the failure to fully perform the contract is owing, as in this case, to the fault of the employer, we know of no authority that requires the employe to show that the other party derived any benefit from what was done.

VII. Again, it is said that plaintiff, having sued upon the contract, cannot recover on a *quantum meruit.* This

action is not brought upon the contract. There is no claim made to recover the contract price. The agreement is set out in the petition merely as a part recital of the facts. The action is to recover the reasonable value of work done and material furnished.

VIII. Twenty-nine instructions were asked by defendants and refused. There was no error in this action of the trial court, for the charge as given was full and accurate.

IX. A number of special interrogatories were also presented for submission to the jury. The court refused to submit them, and error is assigned on this action. None of these interrogatories called for ultimate facts; nor, if answered favorably to defendants, would they necessarily have controlled the general verdict. Under the rule announced in *German Sav. Bank of Davenport v. Citizens' Nat. Bank,* 101 Iowa, 530, and cases therein cited, the action complained of must be approved.

These are the principal questions discussed by counsel. Of the many other errors assigned, we have only to say that they are without substantial merit.—AFFIRMED.