JOHN HOWARD, Plaintiff, and Appellee, v. E. G. DICKINSON & COWP DICKINSON, Defendants and Appellants.

Contracts:  CONSTRUCTION:  ACTION FOR PRICE:  VERDICT:  EFFECT.
1  Where the contention of the parties involves the terms of an oral contract, and there is evidence in support of both contentions, the

issue is for the jury; and where plaintiff alleged the contract to be that defendant was to furnish the material, board plaintiff and his help while employed in digging wells for defendant, and that he was to pay a certain price per foot for the work, regardless of whether plaintiff was successful in completing and connecting the wells by means of pipes with defendant's main well, because of rock or other impediment in the soil, and defendant claimed that plaintiff was to complete and connect the wells with his main well and thus increase his water supply, but that he had failed to do so and had abandoned the work, a finding that plaintiff was entitled to recover upon the contract was of necessity a finding that plaintiff had performed the contract as he alleged it to be.

Same: ·MEASURE OF DAMAGES: QUANTUM MERUIT: INSTRUCTION. The instruction in this case that if plaintiff abandoned the work before its completion he could not recover, unless defendant was using and receiving benefit from the work, was not erroneous because permitting recovery upon *quantum meruit* for which no basis was laid in the pleadings; as the jury could not have understood it to authorize recovery except for the contract price.

Same: INSTRUCTIONS: CONFORMITY WITH ISSUES. Where the court in an instruction and in stating the issues made the plaintiff's right of recovery depend upon performance of the work for the purpose for which it was intended, which was conceded to be the connection of the wells in question, the jury was not misled by a failure to more definitely state the ultimate purpose to be attained.

Same. As the court told the jury that the work must have been done in a workmanlike manner and for the purpose intended to authorize recovery, failure to more definitely state the manner in which it must be done, its purpose being conceded by both parties, was not erroneous.

Instructions: GRAMMATICAL CONSTRUCTION. Where an instruction stated the rights and duties of the plaintiff immediately preceding the use of a personal pronoun which could only by proper application refer to plaintiff, error cannot be predicated upon the grammatical construction, although both parties were referred to in the instruction.

Contracts: INSTRUCTIONS: CONFORMITY WITH ISSUES: PREJUDICE. In this action for the price of wells dug for the purpose of connecting the same with defendant's main well and thus increasing his supply of water, an instruction that if plaintiff had proved the contract as claimed by him he could recover, but if any part of the work was not done in workmanlike manner then there should be deducted from the contract any damage resulting to defendant as shown by

the evidence, but if not so shown no deduction should be made, was but a correlative statement of the rights of the parties and was not prejudicial, although no such issue was specifically pleaded.

*Appeal from Davis District Court.*—HON. F. M. HUNTER, Judge.

WEDNESDAY, OCTOBER 21, 1914.

ACTION on a contract for digging wells. From a verdict and judgment for plaintiff, the defendants appeal.—*Affirmed.*

*Payne & Goodson* and *C. W. Ramseyer,* for appellants.

*E. Rominger,* for appellee.

WITHROW, J.—I. Plaintiff's suit is based upon an oral contract entered into between himself and defendants, under which, as is alleged by him, the defendants being desirous of strengthening the flow of their barnyard well on their farm by connecting other wells by underground pipes, they employed the plaintiff to undertake such work by building and digging new wells towards a well in a pasture six hundred and thirty feet distant. It is alleged that it was agreed that defendants should furnish all material, board plaintiff and his helpers, and pay him twenty-four cents per foot for digging the wells and connecting them with metal pipes; that it was further agreed that if plaintiff in digging said wells found rock, or damps, or found he could not bore or dig in the ground, then he would quit, and defendants were to pay him for all work done at the contract rates. The plaintiff pleads that under the agreement he dug seven wells, and connected them with pipes; that when he reached the fifth or sixth well he struck a rocky formation filled with damps and could go no further, and so notified the defendants, upon which he was directed by them to fill up the eight wells which he had begun

1. CONTRACTS: construction: action for price: verdict: effect.

and quit work. He also pleads that the pipe connection made with the barnyard well furnished a stream of water which supplied defendants' stock. He alleges that the work was done in a permanent manner, and that defendants have been using said wells ever since they were constructed. He asks recovery for the contract price of the work performed by him. The defendants plead that it was their purpose to connect two wells then on their farm by means of pipes and intermediate wells, carrying to their barnyard well an increased supply; that plaintiff and defendants discussed such plan, and it was agreed that plaintiff should connect the two wells, and that he should for the service be paid at the rate claimed by plaintiff. Defendants plead that plaintiff did not connect the wells; that he dug seven wells which were not laid in the line of the two wells, and the pipes laid were not so as to connect the bottom of the farther well with the barnyard well so that water could flow from the pasture well to the barnyard well; that plaintiff abandoned the work after having dug seven wells and started to dig the eighth; that the labor done by plaintiff is worthless, and defendants have not nor cannot derive benefit from it. For a counterclaim defendants seek recovery for the material furnished in the work, for the board of plaintiff and his help while at the work, and for cost of testing plaintiff's work. There was a trial to a jury with a verdict for plaintiff for $90, being less than his claim under the contract, which was $106.08.

From the statement of the issues it appears that the first difference between the parties is as to the terms of the contract. Both agree that the purpose of the work was to connect the two wells. They disagree as to the terms of the contract, and this disagreement was as to each contention supported by some proof, requiring the submission of that issue to the jury. The finding that plaintiff was entitled to recover necessarily, under the issues and instructions, was also a finding that plaintiff had established the contract as claimed by him. We consider the errors assigned.

II. It is claimed by the appellants that instruction No. 9

given by the trial court permits recovery on a quantum meruit, and that no such basis was pleaded. The suit was on contract,

**2. SAME: measure of damages: quantum meruit: instruction.** and recovery could be had only under it. The criticized instruction stated that, if the jury found the contract to have been as claimed by the defendants, then, as plaintiff did not complete the work, but abandoned it, he could not recover, "unless you find the defendants are using and deriving material benefit from the improvements made by him, in which event you should find for the plaintiff"; and by other instructions permitting damages to be allowed. No other measure of recovery appears in the pleadings than that which is based on the contract price. As a rule of recovery in cases of that nature the instruction has the support of many authorities. *Pixler v. Nichols,* 8 Iowa, 106; *Byerlee v. Mendel,* 39 Iowa, 382; *Wolf v. Gerr,* 43 Iowa, 339; *Thompson v. Brown,* 106 Iowa, 373.

There is, as urged by the appellants, no plea of quantum meruit, nor was there any proof of the value of the services, save as such is shown by the contract, either as claimed by the plaintiff or the defendants; but the instruction must be considered in the light of the pleadings upon which it was based; and under such the jury could not have misunderstood that in assessing recovery the contract price must govern. This rule was definitely stated in instruction No. 17, and instruction No. 9 in no way conflicts with it.

III. Error is urged because, as claimed by the appellants, it was conceded that the object to be attained was the connection of the two wells, and the trial court did not definitely so tell the jury in instruction No. 10. That in-

**3. SAME: instructions: conformity with issues.** struction related to the duty of plaintiff under either contract, and, while it did not particularly state the ultimate purpose sought to be accomplished, that had been given in the statement of the issues, and in instruction No. 7 the plaintiff's right of recovery was made to depend upon the work being done "for the purpose for which it was intended." No possible doubt could have

been with the jury as to the purpose of the work, and there was no error in not more definitely stating it in instruction No. 10.

IV. In instruction No. 2 the trial court stated to the jury that "the defendants admit that the seven wells so dug were connected with each other." This statement is challenged by the appellants as erroneous, there being as claimed no such admission in pleading or proof. A fair reading of the record satisfies us that, while there was not in terms such an express admission, the language of the pleading and the nature of the proof admitted of no other fair construction.

V. It is claimed that instruction No. 7 is erroneous in stating to the jury that plaintiff could recover if the wells were dug and the pipe laid in a workmanlike manner, and in not stating that they should have been so laid that if continued they would connect the south well with the windmill well in such manner that the water in the south well could have flowed to the windmill well. The criticism is not well taken for the reason that in that instruction it was stated that the work must have been done in a workmanlike manner for the purpose for which it was intended. As we have already stated in a previous division of this opinion, that purpose was conceded by both parties, and it was sufficiently covered by the given instruction.

4. SAME.

VI. The grammatical construction of instruction No. 9 is criticized, in that in the use of the pronoun "he" reference could only properly have been had to the defendants, whereas its application was to the plaintiff. We do not so read or understand it. Both parties were referred to in the instruction, but the statement of plaintiff's rights and duties immediately preceded the pronoun, and the use of it could not properly nor possibly have had any other application than to the plaintiff.

5. INSTRUCTIONS: grammatical construction.

VII. Instruction No. 15 directed the jury that if the contract was as claimed by plaintiff he could recover, but if

any part of the work was not done in a workmanlike manner
then there should be deducted from the
amount of the contract any damage resulting
to defendants therefrom "if shown by the
evidence, and if not shown then you cannot
disallow anything on account thereof." It is claimed that no
issue of that nature arose under the pleadings, and that the
instruction was confusing and misleading. While not specific-
ally pleaded the proposition is but the correlative of that
which the law states as to the rights of the parties; and while
the part of the instruction to which we have referred, as bear-
ing upon the question of damages, might well have been omit-
ted as without a basis of proof, it could, under the record, work
no prejudice to the defendants.

6. CONTRACTS : in-
structions :
conformity
with issues :
prejudice.

VIII. We have considered all errors urged, but not in
the order nor detail in which they were presented by the ap-
pellants. We find nothing requiring a reversal.

The judgment is—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concurring.