# WICKHAM V. WINCHESTER.

**Specific Performance:** CONVEYANCE OF LAND: BAD FAITH OF PLAINTIFF. Defendant told plaintiff that he had withdrawn certain real estate from sale. Within forty-eight hours, at the farthest, after being so informed, plaintiff resorted to defendant's agents and procured from them a contract for the purchase of the land. They had had no notice of the withdrawal, and plaintiff did not inquire as to the date of the authority under which they acted. *Held* that he acted in bad faith in procuring the contract, and that equity would not enforce it at his suit.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FILED, OCTOBER 3, 1888.

ACTION in equity to enforce specific performance. Judgment for plaintiff, and defendant appeals.

*Henry Ford,* for appellant.

*Geo. A. Holmes* and *L. W. Ross,* for appellee.

SEEVERS, C. J.—The plaintiff claims to have purchased of an agent of the defendant certain real estate, and in all respects to have complied with the contract on his part. The material allegations of the petition are denied by the defendant. We find from the evidence that the defendant was the owner of the real estate in controversy, and Odell Bros. & Co. were real-estate brokers. The defendant gave such brokers, some months prior to the sale, the right to sell the real estate, which they did to the plaintiff on the terms named by the defendant, except that defendant stipulated that the deferred payments should bear interest at eight per cent., but said brokers, when they sold to the plaintiff, contracted for only six per cent. interest on the deferred payments. We, however, have been unable to find any evidence in the record showing that the defendant

refused to comply with the contract on this ground. The plaintiff endeavored to purchase the real estate of the defendant on several occasions, but they were unable to agree upon terms, and at the last interview they had upon this subject the defendant informed the plaintiff that the property was not for sale ; that he had withdrawn it from sale.   On the next day, as the defendant testifies, the purchase of Odell Bros. & Co. was made. The plaintiff testifies that the interview with the defendant took place a day earlier than stated by the latter.   The defendant did not notify Odell Bros. & Co. that he had withdrawn the real estate from sale, nor did the plaintiff inform the latter that the defendant had done so.   Some of us are in doubts whether there is a fair preponderance of the evidence in favor of the propositions upon which the plaintiff relies; that is to say, whether, but for what we shall presently state, there was any contract entered into between the plaintiff and Odell Bros. & Co. which can be regarded as sufficient to entitle the plaintiff to a specific performance.   But, conceding there is, we think the fact that the plaintiff was informed that the real estate had been withdrawn from sale bars his right to such relief.   Having such knowledge, he made the purchase within twenty-four or forty-eight hours thereafter of reputed agents of the defendant, without making inquiry as to their authority, and ascertaining whether it ante-dated the information received by him directly from the defendant.   The plaintiff took, we think, an undue advantage of the defendant that is inconsistent with fair dealing, which cannot and should not be disregarded in a court of equity.   The fact that Odell Bros. & Co. had no knowledge that the land had been withdrawn from sale—and it may be conceded that they acted in the utmost good faith—is immaterial ; the plaintiff had such knowledge, and as to him the defendant did all that he was required to do, whatever might be the rule had the sale been made to one who had no such notice.   The appellee insists that the defendant, after he obtained full knowledge of the sale and its terms and conditions, ratified it,

and therefore he is now bound to specifically perform the same. In our opinion the evidence utterly fails to show such ratification. The judgment of the district court is reversed, and the cause remanded, with directions to enter a judgment in accordance with this opinion; or the defendant, at his election, may have a decree in this court.

REVERSED.