HENRY WILKEN, Appellant, v. CHRIST VOSS, CAROLINE VOSS AND JOHN VOSS, Appellees.

Vendor and Purchaser: SALE OF LAND: RESERVATIONS: SPECIFIC
1 PERFORMANCE. Where the purchaser of real estate is informed by the vendor before a contract of sale is executed that he will make certain reservations, and by mistake or oversight the agent of vendor omits a part of such reservations from the written contract, specific performance will not be decreed at a suit of the purchaser.

Performance by Purchaser: PAYMENT. An agent for the sale of
2 land has no implied authority to accept in part payment anything but cash, and where the contract recites part payment in a stated sum, which is not in fact paid in money, there is a failure of the purchaser to perform the contract which will defeat specific performance at his suit.

*Appeal from Tama District Court.*—HON. G. W. BURNHAM, Judge.

TUESDAY, MAY 19, 1903.

SUIT in equity for the specific performance of an agreement to convey real estate. The contract was made by an agent of defendant, and defendant pleaded that the agreement was without authority, and that it failed to contain certain stipulations which should have been exacted from the purchaser. Trial to the court. Decree for defendants, and plaintiff appeals.—*Affirmed.*

*Caldwell & Walters* for appellant.

*G. L. Wilbur* and *C. B. Bradshaw* for appellees.

DEEMER, J.—A written contract for the sale of the land in controversy was executed by and between plaintiff, acting on his own behalf, and one Martin Mee, acting as agent for John Voss, the then owner of the record title to the land, which provided, among other things, for a cash payment of $1,800, and contained a reservation as follows: "It is also understood and agreed that 1st party reserves machinery shed, and all wires but three on pasture fence west of the house, and shall pay 1899 tax, 1st party agrees to leave premises in as good condition on March 1st, 1900, as they are now in." The remainder of the consideration, to wit, $3,000, was to be paid on March 1, 1900, at which time deed was to be made by defendants, and possession delivered to plaintiff. There is no doubt that Mee was the agent of Voss, and that he had authority to sell the land on certain terms and conditions. Among these were that Voss was to have $60 net per acre for the land, and was to surrender possession March 1, 1900, and that, if Mee could not get more than $60 per acre for the land, he (Mee) was to have the use of the money received by him

on the purchase price from the time of making the contract until March 1, 1900. There is a controversy regarding the reservations which Voss insists should have been made in the contract of sale, and also regarding the payment of the purchase price by plaintiff.

The rules of law involved are not in dispute. Specific performance is not granted as of right in every case, even though there be a valid contract. It will not be granted where it would be inequitable to do so, nor will it be enforced where there is strong ground for believing that the parties did not understand the contract alike. *Hopwood v. McCausland*, 120 Iowa, 218. The evidence shows,

1. SALE of land: reservations: specific performance. beyond all question, that plaintiff, before contracting for the purchase of the land, was told by John Voss, the owner, that he should reserve an entire new two-wire fence and posts, built that season, a machine shed, three wires from a fence around what was known as the "old pasture," and a pigeon house. While negotiating with Mee for the sale, plaintiff told him (Mee) about the reservations demanded by Voss; but, instead of inserting them in the contract, he (Mee) made the reservations as they appear, and at the same time told Wilken that Voss could not hold the two-wire fence or the pigeon house, and that they should stay on the place. Mee made these statements because of an understanding he had with Voss as to what should be reserved. But for the fact that he (Mee) was informed by plaintiff himself as to the reservations defendant would insist upon, we should be inclined to hold that the contract contained all the reservations which defendant was entitled to insist upon, for the preponderance of the evidence shows that the contract contains all the reservations which defendant told his agent, Mee, to insert therein. Whether or not Voss failed through mistake or inadvertence to mention all the reservations when talking with his agent regarding the terms of the sale, it is apparent that plaintiff knew

the terms on which defendant was willing to sell, and that this information was imparted to the agent, Mee, before the contract was consummated. As these differed in some respects from those given the agent, good faith required that this agent investigate the matter before closing the ontract, in order that all possibility of mistake might be avoided. We are not to be understood as holding that there was any actual bad faith on the part of the agent. He, no doubt, acted honestly on the information given him by Voss; but he knew when talking with plaintiff that defendant was claiming more reservations than were named in the conversation with him, and, instead of advising against the defendant's claim, he should have investigated as to whether or not there had been a mistake in the terms given him. The written contract as will be noticed, does not contain the reservations which defendant told plaintiff he should insist upon; and, through mistake, inadvertence, or accident, the minds of the parties did not in fact, fully meet on the terms of the sale. *Wickham v. Winchester*, 75 Iowa, 327, seems to be decisive of the case on this proposition. There evidently was a mistake or misunderstanding between these parties, which was known to plaintiff at the time he made his contract of purchase.

This in itself is sufficient to dispose of the case. There is another point, however, which is equally conclusive. While the contract recites the payment of $1,800 in cash by plaintiff to Mee, no such sum was paid. On the contrary, plaintiff gave a certificate of deposit for the sum of $600, and a note for $1,200, running to the Tama County Bank. There is no showing that this note was paid until after March 1, 1900, and after defendant had repudiated the contract. An agent to sell land has no implied authority to accept anything but cash in payment or part payment therefor. This is fundamental doctrine. Plaintiff has, therefore, failed to show performance on his part, and the delivery of the

2. PERFOR-MANCE by purchaser: payment.

certificate of deposit and the note to the agent was un-authorized. The case turns, however, on the fact that the reservations imposed by defendant, of which plaintiff had knowledge, were not included in the contract through mistake or otherwise, and that, in view of this fact, the agreement should not be specifically enforced.

There is a claim that defendant ratified the contract after it was made. Ratification, to be of any avail, must be with full knowledge of the facts. This is not shown by sufficient testimony. The trial court had the witnesses before him, and, while the case is triable *de novo*, we are disposed, when the evidence is close, as in this case, to give this fact importance, and to attach some weight to the findings of the trial court, who had the great advantage of seeing the witnesses who gave testimony.

Our conclusions accord with those of the trial court, and its decree is AFFIRMED.