IN RE ESTATE OF J. T. CREGER.

CONTRACTS: Options—Termination by Death of Optionor. An option contract to the effect that, if the owner of bank stock concludes to sell at or below par, a named party shall be given first right to buy, terminates at the death of the said owner.

SPECIFIC PERFORMANCE: Contracts Enforcible—Inequitable Results. Specific performance of an optional contract for the sale of bank stock at par may be refused on a showing that, when the contract was entered into, no accumulation of a surplus by the bank was contemplated, but that, by reason of such accumulation, the stock had a value, at the time specific performance was sought, of two and one-half times its par value.

*Appeal from Madison District Court.*—W. S. COOPER, Judge.

OCTOBER 24, 1924.

PETITION in probate, to compel the executors of the estate of J. T. Creger, deceased, to perform specifically an option contract for the sale of ten shares of stock in the Truro Savings Bank. The opinion states the material facts. Upon conclusion of the testimony, the court ruled in favor of the estate, and denied claimant's application. Petitioner appeals.—*Affirmed.*

*Clark & Byers,* for appellant.

*Guiher & Guiher,* for appellees.

DE GRAFF, J.—The essence of the relief sought in the instant action is the specific performance of a pleaded contract for the sale of bank stock. The claim of the petitioner is predicated on a written agreement to which we will presently refer. It

appears from the record that, prior to the execution of this agreement, the claimant, W. M. Steer, and one J. E. Likens were equal partners in the operation of a private bank in the town of Truro, Iowa, and that, in 1911, the bank was incorporated, with a capital of $20,000. At that time, J. T. Creger purchased ten shares of the capital stock at par value, and subsequently became one of the directors of the bank. It is the claim of the petitioner that, as part of the transaction, a written agreement between Creger and Steer was executed, as follows:

"In consideration of my being named by W. M. Steer to be a stockholder and director of the Truro Savings Bank, I hereby agree to give W. M. Steer the prior option of purchasing my stock at par before I will sell the same or any part thereof to anyone else, and will give him 30 days written notice when I intend to sell within which time such option must be exercised or waived; and said option may be exercised whenever I cease to be a director in said bank. If I sell for less than par, I will give W. M. Steer the preference to buy at same price.

"Truro, Iowa, March 18, 1911."

In the month of March, 1919, Creger wrote a letter to Steer, in which an offer of the sale of the bank stock was made to Steer at $225 per share. On April 8th, Steer replied as follows:

"At the time you became a stockholder and director of the Truro Savings Bank, we entered into a written contract based on a valuable consideration, whereby you agreed to give me the option of purchasing your stock at par at any time before selling the same to anyone else. I take it that your letter is intended to comply with our contract. I will take your stock, consisting of ten shares at the par value, totalling $1,000 in accordance with said contract."

Having received no answer, Steer went to Creger's home a few days later, at which time and place Steer was informed by Creger that the bank stock was not for sale. In March, 1922, Creger died. Later, Steer went to C. C. Kale, one of the executors of the estate, and offered him a draft for $1,000, and demanded the stock. Upon refusal to meet this request, the petition in this case was filed.

If the original agreement is viewed as an option contract,

it is clear that the offeror never declared his intention to sell his stock within the purview of the alleged agreement, nor was there any acceptance by the offeree of the terms made by the offeror. Creger remained a director until his death, which *ipso facto* terminated whatever rights existed under the option.

1. CONTRACTS: options: termination by death of optionor.

Furthermore, the relief as prayed is purely equitable, and whether granted or refused, rests in the sound judicial discretion of the court. Equity aims at putting parties exactly in the position which they ought to occupy, and a decree will be denied when it would operate unjustly and oppressively. *Wilken v. Voss*, 120 Iowa 500. Specific performance is always exercised subject to general equitable considerations, and will not be applied if equities exist in favor of the defendant which would render it unjust to grant relief.

2. SPECIFIC PERFORMANCE: contracts enforcible: inequitable results.

It is shown by the record that, in April, 1919, the bank had a surplus of $30,000, and undivided profits in the sum of $2,738.86. The book value of the stock per share at the time this action was instituted was $250; and it is apparent that it would be neither just nor equitable to compel the executors of Creger's estate to assign to the claimant property worth two and a half times as much as the value of the stock at the time the pleaded option contract was executed. When this contract was signed, it was not contemplated that a surplus would be accumulated and that the dividends from year to year would not be declared. This situation was recognized by the claimant, who, in open court, waived all right to the surplus and undivided profits, and asked only for the original stock. Had the appellant tendered into court the actual value of the stock, possibly he would stand in a different position. The trial court recognized that there were but two ways to reduce this stock to its original par value: First, to have the board of directors of the bank declare a stock dividend of $30,000; or second, to have the surplus transferred to undivided profits and a distribution thereof ordered. The court, however, has no jurisdiction over the bank to compel it to do either. Consequently, to en-

force the performance as prayed would be inequitable and work an injustice to the estate.

We conclude that the trial court properly denied the application of the claimant.—*Affirmed.*

ARTHUR, C. J., and STEVENS and VERMILION, JJ., concur.