## Barr v. Van Duyn.

1. **Contract**: CONSTRUCTION OF: RESCISSION. Where the owner of a horse placed him in the hands of another to be trained and driven for a specified time, reserving to himself the right to take possession of the animal whenever he became dissatisfied with the manner in which he was kept and trained, he was not entitled to take the horse from the trainer without showing some negligence or ill treatment on the part of the latter, or other grounds justifying him in rescinding the contract.

2. ———: ———: DAMAGES. The trainer was entitled, after the rescission of the contract, to the reasonable value of his services in training and keeping the horse during the time he was in his possession.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, DECEMBER 13.

THE petition of plaintiff alleges that he entered into a verbal agreement with defendant to take, drive and train his horse during the seasons of 1875 and 1876, in consideration of which defendant agreed to furnish plaintiff with money to the extent of five hundred dollars, to enable him to enter said horse at county fairs and other races during said seasons, and to pay all actual disbursements necessary in traveling with said horse, including shoeing, keeping and other expenses; that plaintiff was to have as compensation for his services and keeping said horse two-thirds of all premiums won by said horse after refunding to defendant the money advanced by him; that in pursuance of said agreement plaintiff took, kept, trained and worked the horse from the 1st of May to the 9th of October, 1875, when defendant wrongfully, without plaintiff's knowledge or consent, took the horse from plaintiff's possession, and refused to further comply with the contract; that defendant refused to furnish money to enter said horse at any fair or race during the season of 1875, whereby plaintiff was prevented from winning anything with said horse; that the actual value of the keeping, shoeing and training of said horse, whilst plaintiff had possession thereof, was the sum of

$1.50 per day, amounting to the sum of $250. For this sum plaintiff asks judgment.

The answer of defendant denies the allegations of the petition, and alleges that it was verbally agreed between plaintiff and defendant that plaintiff should take the horse of defendant, properly drive, train, take care of, and bear all the expenses of said horse during the season of 1875, and should pay to defendant one-third of the earnings of said horse; that plaintiff was to retain possession of said horse until such time as defendant should become dissatisfied with plaintiff's method of training, driving, and caring for said horse; that, under said agreement, plaintiff took and retained possession until October 9th, 1875, when defendant became dissatisfied with plaintiff's treatment of said horse and took the same from his possession. There was a jury trial, and a verdict and judgment for plaintiff for $182.25. Defendant appeals.

*Miller & Preston*, for appellant.

*Boies, Allen & Couch*, for appellee.

DAY, J.—I. The plaintiff introduced evidence tending to establish a contract as set forth in his petition. The defendant introduced evidence tending to establish the contract set forth in the answer. It was also proved that defendant took the animal away about the time alleged.

The court gave the following instruction: "If the defendant, by the terms of the contract, reserved the right to retake possession of the horse whenever he became dissatisfied with plaintiff's manner of training or caring for the horse, in such case defendant would have to show negligence or ill treatment of the horse by plaintiff, or other good cause for taking possession of the horse before the expiration of the full time agreed upon by the parties, in order to avoid liability in doing so."

The giving of this instruction is assigned as error. If it should be conceded that, if the contract was as defendant

1. CONTRACT: claims, he might take the horse into his posses-
construction
of: rescission. sion without showing negligence of plaintiff, or

ill treatment of the horse by him, still we think the instruction was error without prejudice. The defendant alleges in his answer that plaintiff was to retain possession of the horse, not merely until defendant should become dissatisfied, but until he should become dissatisfied with plaintiff's method of training, driving and caring for the horse. It is incumbent upon defendant to prove the existence of the facts upon which he relied to justify him in taking the horse into his possession.

The abstract contains all the evidence, and there is no proof that defendant was dissatisfied in any respect. All the testimony upon the subject of retaking the animal is as follows: "He kept the mare until about the 16th of October, 1875, at which time I took her away." It may be admitted that the fact that defendant took the horse into his possession is proof that defendant was dissatisfied with something; but it is no proof that he was dissatisfied with plaintiff's method of training, driving and caring for the horse. The defendant, then, did not prove the existence of any circumstances which authorized him, even under the contract as he claims it to be, to take the horse from plaintiff. An erroneous instruction as to what, in law, would justify him in taking the horse, was, therefore, error without prejudice. For the same reasons there was no error in refusing to give the instruction asked by defendant.

II. The court further instructed as follows: "If you find the foregoing issues for plaintiff you will then have to determine the amount of plaintiff's damages. And these, under the issues presented by the pleadings, would be the reasonable value of the plaintiff's services in taking care of and training the horse, and the reasonable value of the keeping of the horse during the time plaintiff kept him, and in such case, your verdict should be for plaintiff for this amount." The giving of this instruction is assigned as error.

2. ——: ——: damages.

It is claimed that if the contract was as plaintiff insists, the only measure of damages to which he is entitled is the fair two-thirds value of the use of such an animal for the season

of 1876. The defendant, by taking the animal into his possession, rescinded the contract; he placed it beyond the power of plaintiff to secure any remuneration for his services, as prescribed in the contract. The plaintiff sets up this act of rescission, and claims the reasonable value of the services rendered. We have no doubt that he is entitled to this under the issues made.

This instruction being proper, there was no error in admitting the testimony, to which defendant objected, upon the subject of damages.

AFFIRMED.