## COBB & CO. v. HALL.

1. **Principal and Agent:** PRESUMPTION OF AGENCY. An agency will not be presumed from a previous employment in a similar matter, where it does not appear that the former employment was with the principal's knowledge, although he might have accepted the advantages resulting from such employment.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 24.

THE plaintiff S. W. Cobb, doing business in the city of St. Louis, under the name of S. W. Cobb & Co., avers in his petition that he was employed by the defendant, to buy and sell wheat for him at St. Louis; that among the transactions he

bought for defendant, in November, 1875, ten thousand one hundred and thirty-seven and eighty one-hundredth bushels of wheat, and in December, 1875, he sold the same for the defendant, at a loss (stating the amount), for which he asks judgment. The employment, if any, was through one Harry Hall, a brother of the defendant. The plaintiff claims that he was the agent of the defendant. This the defendant denies. The defendant, for further defense, avers that the contract set out in the petition is what is known as a contract on margins, or gambling contract; that no money was paid or grain delivered, but that the contract was a mere bet or wager as to the future value of grain. Other facts are stated in the opinion. Trial without a jury. Judgment for defendant. Plaintiff appeals.

*Brown & Binford,* for appellant.

*E. C. Rice,* for appellee.

ADAMS, J.—To justify a reversal it should appear that the evidence shows beyond dispute that Harry Hall was the

1. PRINCIPAL and agent:. presumption of agency.

agent of the defendant in making the alleged contract, and that the contract is not void as a wagering contract. The plaintiff's theory is that he was employed as agent of the defendant, through Harry Hall, another agent of defendant, to buy wheat for defendant and advance money thereon; that he did so, and has never been fully reimbursed.

It appears from the evidence that the defendant resides in New Jersey; that his brother, Harry Hall, resides in Marshalltown, Iowa; that the latter is employed at Marshalltown, as the agent of the defendant, in buying wheat at that point, and shipping the same to the Chicago and St. Louis markets. The defendant claims that his brother had no authority to buy wheat for him in St. Louis, and especially had no authority to employ another person to buy wheat for him at that place. The plaintiff does not rely upon showing an express

authorization to that effect.  He claims that he had been previously employed by defendant, through Harry Hall, in a similar transaction, which became known to defendant, and was ratified by him, and that he was justified in supposing that the defendant had made Harry Hall his agent to employ an agent.  We think, however, that the most that can be said is that in an option transaction several months previous, conducted by plaintiff, the defendant received the profits.  We think that the defendant did not know that the profits were made in that way. · Harry Hall expressly says in his testimony that they were not so reported to the defendant, and that he did not know it.  It does, indeed, appear that the defendant consented to an option transaction in corn, in Chicago, through his brother.  This is relied upon by plaintiff as showing that he was justified in supposing that Harry had authority to employ him.  But there is no evidence as to when the Chicago transaction took place.  A letter was offered and excluded, dated May 6, 1875, which possibly refers to the Chicago transaction, but the letter was properly excluded, for there is no evidence that plaintiff had knowledge of it.  Besides, if admitted, it would have shown that Harry had no general authority to do business of that kind.

As to the real existence of the authority of Harry to employ plaintiff to make even an actual purchase for defendant, we think it may be said that it is completely disproved by Harry's testimony.  We are of the opinion, then, that the fact of employment is not established—certainly not so clearly as to justify us in setting aside the judgment of the court; and, having come to this conclusion, it is obvious that we need not determine whether the contract, if authorized, was such as would entitle the plaintiff to recover.

AFFIRMED.