JACK E. WRIGHT, Appellee, v. BARNARD BROTHERS, Appellees; OSCAR J. NELSON, Intervenor, Appellant.

Sales: DELIVERY: TITLE CONDITIONED ON PAYMENT: INNOCENT PURCHASER. The delivery of personal property under an agreement that the party receiving the same shall either return the property or pay the owner a sum named, is a conditional sale, and unless reduced to writing, and duly acknowledged and recorded, as required by section 1922 of the Code, is invalid as against an innocent purchaser without notice.

*Appeal from Lucas District Court.*—HON. W. I. BABB, Judge.

TUESDAY, OCTOBER 10, 1893.

ACTION to recover possession of specific personal property. There was a trial by the court without a jury, and a judgment in favor of the plaintiff. The intervenor appeals.—*Reversed.*

*Stuart & Bartholomew,* for appellant.

*Mitchell & Penick,* for appellee.

ROBINSON, C. J.—In October, 1891, the plaintiff was the owner of a black stallion named Keno Second, and the defendants, Bernard Bros., owned a stock farm and stock near Chariton. The defendants asked the plaintiff what would buy the horse, and, when told, said they could not use him at that price. They were asked what they would give, and answered seven hundred dollars. The plaintiff refused to sell for that sum, but finally said he would take eight hundred dollars cash for the horse. The defendants said they thought they could use him at that price, and asked the plaintiff

to take him to their barn for a short time.   The plaintiff
stated that he would do so only on condition that the
horse should remain his property until paid for.   The
plaintiff knew at the time that the defendants were
negotiating for the exchange of their farm and stock
near Chariton, and that they desired the horse to use
in making the exchange.   On the fifteenth day of the
month specified, the plaintiff took the horse to the barn
of the defendant, and there left him.   The agreement
between the plaintiff and the defendant was not in
writing.   Soon after that time the exchange, for which
negotiations had been pending with intervenor, was
made, and the horse, which was included in the
exchange, was transferred to him.   He had no notice
of the transaction between the plaintiff and defendants,
but made the exchange for the horse in good faith in
the belief that the defendants owned him.   The
plaintiff demands possession of the horse, on the ground
that the title to him was never transferred to the
defendants, while intervenor claims to own him by
virtue of the exchange stated.   The district court ren-
dered judgment in favor of the plaintiff for the posses-
sion of the horse.   The defendants did not appear in
the district court, and the controversy we are called
upon to determine is wholly between the plaintiff and
the intervenor.   Section 1922 of the Code is as follows:

"Section 1922.  No sale, contract or lease, wherein
the transfer of title or ownership of personal property
is made to depend upon any condition, shall be valid
against any creditor or purchaser of the vendee or
lessee in actual possession in pursuance thereof, with-
out notice, unless the same be in writing, executed by
the vendor or lessor, acknowledged and recorded the
same as chattel mortgages."

It is claimed by the appellant that the transaction
between the plaintiff and the defendants which re-
sulted in the placing of the horse in the barn of

the latter was a conditional sale, within the meaning of that section, and, as it was not in writing, duly acknowledged and recorded, that it is invalid as against him. The appellee contends that the transaction was a mere bailment of the horse, and not a conditional sale. A statement of the distinction between sales and bailments approved in *Foster v. Pettibone*, 7 N. Y. 435, is as follows: "When the identical thing delivered, although in an altered form, is to be restored, the contract is one of bailment, and the title to the property is not changed; but when there is no obligation to restore the specific article, and the receiver is at liberty to return another thing of equal value, he becomes a debtor to make the return, and the title to the property is changed; it is a sale." See, also, *Chickering v. Bastress*, 130 Ill. 206, 22 N. E. Rep. 542. The law in regard to conditional sales is stated in 21 Am. and Eng. Encyclopedia of Law, 629 *et seq.*, as follows: "Conditional sales are frequently confounded with bailments, leases, and other agreements. Whatever the form of the agreement, if its purpose is to cover up a sale, and preserve a lien in the seller for the price of the goods, it is a conditional sale, although called in the agreement a bailment or lease." "The courts look to the intent, rather than the name given to the transaction by the parties. If there is an express or implied intent that the title shall not pass until the condition is performed, it is a conditional sale. If the agreement is that the transferee must take the goods and keep them for a certain period, and if in that time he pays for them, he is to become the owner, but otherwise he is to return the goods, and pay for the use of them, the transaction is a bailment, and not a conditional sale. But whenever it appears from the contract between the parties that the owner of the property has transferred the possession thereof to another, reserving to himself the naked title, solely for the purpose of

securing to himself the payment of the price agreed upon between them, the contract is necessarily a conditional sale, and not a bailment." This court held in *Singer S. Machine Co. v. Holcomb,* 40 Iowa, 33, that parol evidence was admissible to show that a contract in writing for the lease of a machine was designed to transfer the title to the lessee upon the performance of the conditions of the lease, and that such a contract was a conditional sale, within the meaning of the statute which we have quoted. See, also, *Farquhar v. McAlevy,* 142 Pa. St. 233, 21 Atl. Rep. 811. In this case the horse was transferred to the defendants on condition that they might acquire the title to him by the payment of eight hundred dollars. The transfer was made with knowledge of the fact that the defendants desired to exchange the horse for other property. It is true, when the horse was delivered to them, they had not said they would purchase him, and the delivery cast upon them no obligation to do so. But they were given the right of possession under an agreement which gave them the option to return the horse or pay the agreed price and keep him. Nothing further was required on the part of the plaintiff. The sole purpose of the condition as to the title was to secure the payment of the purchase price.

The appellee relies upon two decisions of this court as sustaining his claim that the transaction was a mere bailment. The first of these is *Mowbray v. Cady,* 40 Iowa, 604, where a contract, by which one Spencer authorized Charles Legg to take and carry a watch on trial for thirty days, was construed. The contract provided that the watch should remain the property of Spencer until it was returned at the end of thirty days, if not found satisfactory, or a bill of sale should be given on the making of the last payment specified in the agreement. The transaction was held not to be a conditional sale. But it was not completed on the part

of either party to it. When the levy was made, Legg had possession of the watch for the purpose of trying it, and was not to become its owner until he should decide to take it, pay for it, and receive a bill of sale. The other case is *Budlong v. Cottrell*, 64 Iowa, 234, 235. The contract in that case was an order for certain agricultural implements at stated prices, and an agreement to settle for them upon receipt of invoice and bill of lading, until which time the title to and ownership and right of possession of the property was to remain in the firm which was to furnish it. This court held that no credit was given by the agreement, and that no right to, or interest in, the property was transferred, and that there was no conditional sale. In this case the right of possession and the actual possession were transferred to the defendants to enable them to dispose of the horse to the person with whom they were known to be negotiating, and nothing further was required of the plaintiff. His right was to receive the horse, or the agreed price for him, at the election of the defendants. There is no conflict in the evidence in regard to the controlling facts, and we conclude that the transaction was a conditional sale, and, as it was not in writing and recorded, that it was void as to the intervenor. *Morse v. C., R. I. & P. R'y Co.*, 73 Iowa, 226, 227; *Moline Plow Co. v. Braden*, 71 Iowa, 141. The conclusions we have announced make a consideration of other questions discussed unnecessary.

The judgment of the district court is REVERSED.