S. E. GRANT, Appellant, v. MRS. WM. HUMERICK.

**Agency:** IMPLIED AUTHORITY: PAYMENT TO AGENT. From the fact that an alleged agent has received and receipted for payment of money and his acts have been ratified by his principal his authority may be implied, and one with knowledge of such facts may discharge an obligation to the principal by payment to the agent.

**Payment to Agent:** EVIDENCE OF AUTHORITY: Statements of a workman that he is authorized to receive his employer's money are not competent to show authority, but statements of what he has done in that regard are competent to show due care of the payor. Receipts of an alleged agent are also competent as a part of the transaction.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

SATURDAY, APRIL 11, 1903.

ACTION at law to recover money due on a written contract. The defendant pleaded payment. There was a trial to the court, and a judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*Willard & Willard* for appellant.

*James B. Bruff* for appellee.

SHERWIN, J.—The plaintiff was a dealer in monuments, and sold and delivered one to the defendant for the agreed price of $250. The office room used by the plaintiff in connection with his business, and in which he kept his books, papers, and safe, was in the same building with his workshop, and was connected therewith by a door. The plaintiff was frequently away from his place of business, and when he was gone those who went there for the transaction of business were waited upon sometimes by a young son, who was there a part of the time, and often by some one of the mechanics

who were at work in the shop in the rear. In the latter part of August, 1900, the plaintiff employed one Stein as a workman in the shop, and he remained in the plaintiff's employ until after the transaction in question. During the time Stein was there he attended to the front room when it was necessary, and on two different occasions, at least, received and receipted for payments of money due the plaintiff. The first of the payments so received was on the 14th day of November, 1900, and was $160 paid by A. F. Raffenburg. This payment Stein was expressly authorized to receive and receipt for, and it was turned over to the plaintiff. The other of the two payments was made on the 21st day of December, 1900, by R. E. Howlett. The amount was $20, for which Stein receipted and accounted. On the 14th day of January, 1901, the defendant went to the plaintiff's place of business for the purpose of paying the amount which would subsequently become due on her written contract for the monument. She found no one there but Stein. The plaintiff was out of town, and his son was at the family residence. She stated to Stein the purpose of her call, and he informed her that he could receive the money. He also told her that he had received and receipted for the Raffenburg money. She thereupon paid the money to him, and took a receipt therefor, which he signed in the name of the plaintiff. Stein pocketed the money, and immediately left for a milder clime.

It is contended that the authority given to Stein to receive the first of these payments created an agency limited to that particular transaction, and which was ended as soon as the money was received, and that Stein was the agent of Howlett, and consequently the payment to him would not have bound the plaintiff. It may be conceded that the first proposition states the legal rule correctly so far as the plaintiff and Stein were concerned, for such is the holding in *Moore v. Stone,* 40 Iowa, 259, relied upon by the appellant. It may also be conceded that the other rule contended for is sound when applied to appropriate facts, as it was in *Fisher v. The Lodge,* 50 Iowa,

1. IMPLIED authority: payment to agent.

459. But neither of these rules is decisive of this case, because of the difference in the parties and in the facts. Here the defendant's payment to Stein was good, if he had express authority to receive it, or if the defendant was justified in believing that he had such authority, not from the statements of Stein as to his authority, but from her knowledge of what he had been permitted to do, and from the general conduct of the business, and his relation thereto. That an agency may. be implied or presumed from the conduct of the parties, no one will deny; and it is a general rule that where a party has so acted as to reasonably warrant the presumption that another is his agent for general or specific purposes, "whether it be in a single transaction or in a series of transactions, his authority to act for him in that capacity will be conclusively presumed," so far as it may be necessary to protect third persons who have acted in good faith and with reasonable prudence. Mechem on Agency, section 84; 1 Am. & Eng. Enc. Law (2d Ed.) 1002. And so where it appears that an alleged agent has performed acts similar to the one in question, which have been ratified by the principal, his authority may be implied. *Jewett v. Lawrenceburg R. Co.*, 10 Ind., 539; *Odiorne v. Maxcy*, 15 Mass., 39; *Wilcox v. Chicago R. Co.*, 24 Minn., 269. See, also, *Cobb & Co. v. Hall*, 49 Iowa, 366, and *Cupples v. Whelan*, 61 Mo., 583. Before paying the money to Stein, the defendant knew that he had been permitted to collect from Raffenburg; and she also knew that he was, and had been for some time, in the employ of the plaintiff, in the very business out of which her indebtedness arose. We are therefore constrained to hold that there is sufficient evidence to sustain the finding of the trial court.

The statements of Stein that he was authorized to take the defendant's money were not competent to show his authority, and probably were not considered for that purpose by the court; but the statement as to what he had done in the way of receiving other payments was competent for the purpose of showing the care exercised by the defendant.

2. PAYMENT to agent; evidence of authority.

We think the several receipts were properly admitted. The one given to the defendant was a part of the transaction, and was material, under the finding of the court. The others related to transactions which were admitted by the plaintiff, and were at least not prejudicial to him.

The judgment is AFFIRMED.