THE MAJESTIC COMPANY, Plaintiff, Appellee, v. IRA D. DAVIS COMPANY and CHASE & WEST et al., Defendants, Appellees, MYRTLE GANT et al., Interveners, Appellants.

**JUDGMENT:** Adjudication—Failure to Plead—Insufficient Basis.
1 An adjudication of a controversy cannot be predicated on a ruling on demurrer not made of record and not pleaded.

**PLEADING:** Answer Containing General Denial—Demurrer. A demurrer will not lie to an answer containing a general denial.
2

**ATTACHMENT:** Labor Claims—Enforcement—Custodia Legis—Release of Attached Property—Effect. The preferred rights of labor claimants under Secs. 4019, 4020, Code Sup., 1913, do not become fixed upon the mere levy of an attachment on the property. Such claimants must take such steps as will keep the property in the custody of the law. The law provides for the release of attached property on the demand of third persons. To guard against this latter danger, it may be necessary for the labor claimants to secure the appointment of a receiver.

   PRINCIPLE APPLIED: An attachment was levied on certain property. A third party claimed the property and served notice on the attaching officer and demanded the release of the prop-

erty. The plaintiff in attachment directed the officer to release the property to said third party. The officer did so, but just how soon was not shown. There was no collusion between the plaintiff and the third party. On the day that the third party made his demand, certain claimants to whom claims for labor were due intervened, set up their claims, and asked that they .be established as liens on the property with a preference over all other claims, including the claim of said third party, and that a receiver be appointed. The prayer for a receiver was not pressed to a hearing and none was appointed. After the property was released to the said third party, the labor claimants, by proper notice, made the said third party a party defendant. *Held,* the release of the property deprived the court of any power to enforce the claims for labor on the property.

*Appeal from Polk District Court.*—HON. CHARLES A. DUDLEY, Judge.

THURSDAY, APRIL 8, 1915.

APPELLANTS filed labor claims and intervened in a landlord's attachment suit entitled The Majestic Company vs. Ira D. Davis Company et al. Their claims were denied, and they appeal.—*Affirmed.*

*Chester J. Eller* and *C. N. Pickler,* for appellants.

*Henry & Henry,* for appellee, Chase & West.

PRESTON, J.—The petition for landlord's attachment, filed August 16, 1913, is in the ordinary form, and states that in November, 1911, they leased the Majestic hotel building to the defendants, Ira D. Davis Company and Ira D. Davis, who took possession of the property on October 1, 1912, under the above lease; that there was $2,070.00 due, for which plaintiff asked judgment, with interest, and that a writ of attachment issue for the enforcement of its lien.

The contest is between the labor claimants and Chase & West. Chase & West came into the case by answer to the petition of intervention of such claimants. About December 24, 1912, Chase & West, by a written lease, sold to Ira D.

Davis Company furniture and other property. The lease provides: That the said Chase & West do sell and lease unto Ira. D. Davis Company the property described, and contains the further provision:

". . . And the said party of the second part, in consideration of the leasing of said property, agrees to pay said party of the first part at its place of business in Des Moines, Iowa, as rent for said property, the sum of $. . . . . . as follows: $. . . . . . upon the signing of this lease, receipt of which is hereby acknowledged, and $25.00 each week, at 8%, until paid. . . . It is further expressly agreed that the title and ownership of all property is in and shall remain in said Chase & West, Incorporated, until all of said rentals and interests, damages and costs, are fully paid."

The lease was recorded in the Chattel Mortgage Record of Polk County. There seem to have been two such sales and leases, but the property therein described is substantially all the property levied upon by the sheriff, as hereinafter stated, and is the property which was released by the sheriff. On August 16th a writ of attachment was issued, and the sheriff levied upon the property described in the Chase & West leases, and a small amount of property in addition thereto.

On August 19, 1913, the appellants, ten in number, having claims amounting to about $245.00, filed claims with the clerk of the district court. As a part of each claim, and attached thereto, was a motion asking the court for an order establishing the claim as a preferred claim and directing its payment as such, as provided by the statute, and to establish a lien against the property levied upon by the attachment either as the property of Ira D. Davis Company or Chase & West, as provided by Sec. 4020 of the Code.

On the same day, August 19, 1913, the claimants, as interveners, filed their petition of intervention, showing the filing of their claims under Sec. 4019 of the Code, alleging that their claims are prior and superior to the claims of Chase &

West and prior to the landlord's lien, and asking that their liens be established against all the property attached, also stating that, for the protection of their interests, it is necessary that a receiver be appointed to take charge of said assets until the further orders of the court. They ask that their claims be established and that a receiver be appointed.

On August 19, 1913, the appellee, Chase & West, filed with the sheriff a notice, to which was attached a list of the property sold by Chase & West to the Davis Company under and by virtue of the lease, and claiming to be the owner of the property. The notice demanded the immediate release and surrender of the property. Later, the property was released by the sheriff to Chase & West at the direction of plaintiff's attorney. We do not find it stated in the record how many days after this notice was served the property was released, but we assume that it was done within a short time.

On October 6, 1913, the labor claimants caused an original notice to be served upon Chase & West of their petition of intervention. October 10th, interveners filed an amendment to their petition of intervention, stating that Chase & West claimed a lien on a part of the property, furniture and fixtures attached by reason of a written contract, and alleging that if Chase & West have a lien, the same is inferior to the interveners' labor claims.

November 4th, Chase & West filed an answer to the intervention, in which it is stated that it disclaims any interest in this suit or in the property; denies all allegations of the intervention and amendments; denies that it claims a lien on any part of the property; avers that under the writ of attachment certain personal property owned by it was attached by the sheriff; that it served its notice of ownership, and the property was, by direction of the plaintiff, released by the sheriff from said writ of attachment and delivered to it. It asked to be dismissed from the case, with a judgment against all the interveners.

December 31st, the interveners demurred to said answer on the ground that the contract between Chase & West and

the Davis Company was a lease in the form of a conditional sale, and a reservation as to title was for the purpose of securing payment to Chase & West and, therefore, no more than a chattel mortgage; that the sheriff cannot release property from a writ of attachment and defeat labor claimants of their liens as given by statute; that the claimants' lien became fixed upon the levy of the attachment; and that no acts of the sheriff or Chase & West can relieve it from liability.

On application of the interveners, the court set the hearing of the motions to establish the labor claims for January 3, 1914. At that time, arguments were had upon the motions and the demurrer. Interveners were given permission to introduce evidence in support of their motions, and evidence was so introduced. The evidence was sufficient to establish the claims, and the trial court so found; but the court held, substantially, that the claimants were not entitled to a lien because the property had been released. There was a small amount of property levied upon which was not released, but was sold for about $60.00, and, after payment of costs in the sum of $20.00, the balance was ordered by the court to be prorated among the labor claimants. The ruling on the demurrer and the determination of the motions appear to have been made at the same time, although it is claimed in argument that the court had intimated before the evidence was introduced that it would overrule interveners' demurrer to the answer. Appellants have appealed from the ruling on the demurrer and the refusal to establish the interveners' liens on the property.

The appellees' propositions are:

1. That the labor claimants, by their petition of intervention, asserted the same rights which were set up in their motions; that the court, in overruling their demurrer to the answer of Chase & West, passed upon the merits of the controversy between the labor claimants and Chase & West; and that the labor claimants could not, therefore, be heard to assert the same proposition upon their motions.

1. JUDGMENT:
adjudication:
failure to
plead: insuffi-
cient basis.

2. That the property was released by plaintiff in the attachment suit and surrendered to Chase & West by the sheriff; that the court thereafter had no jurisdiction over it; that the statute relied upon by the labor claimants does not give a lien against property, but a preference in the distribution of funds realized from the sale of property upon any process of court; that the labor claimants acquired no lien against the property in question; that the plaintiff, in the attachment suit, acquired a lien by the levy under his attachment, but that ceased when the property was released by the plaintiff from the attachment.

Appellees, however, state their claim in another way, and more concisely, as follows: The labor claimants now assert that, under the provisions of Secs. 4019 and 4020 of the Code, they should be given a lien in this proceeding upon said property to the amount of their several labor claims, and that a receiver should be appointed to take possession of said property and enforce the alleged lien of the labor claimants. This is the question involved in this appeal, plainly and accurately stated.

No authorities, other than the statute, are cited in support of the proposition. The notice to the sheriff by Chase & West to release the property was given under Secs. 3906 and 3991 of the Code.

1. As to the first proposition of plaintiff, the argument is that the ruling on the demurrer of interveners was an adjudication. Doubtless the court considered that a determination of that question determined the question, also, that interveners were not entitled to have their claims established, or rather, liens therefor established against the property. But no record had been made of the ruling on the demurrer, and no adjudication was pleaded. Furthermore, the answer of defendants contained a general denial, and for

2. PLEADING: answer containing general denial: demurrer.

this reason alone the demurrer was properly overruled. The denial was of the matters set up by interveners in their petition of intervention and left the matter as to interveners' right to

the establishment of their liens for determination, as well as the motions. Evidence was, in fact, introduced on the issues so raised, without objection on the part of the appellee. Still further, the appeal is from both the ruling on the demurrer and the denial of the motions, and the relief asked in the petition of intervention.

2. The important question in the case is whether, under the circumstances shown, the labor claimants are entitled to have their claims established as liens upon the property which was seized by the sheriff and later released because of the failure of plaintiff to indemnify the sheriff

3. ATTACHMENT: labor claims: enforcement: *custodia legis:* release of attached property: effect.

Appellant cites *Wright v. Barnard,* 89 Iowa 166, *Singer Machine Co. v. Holcomb,* 40 Iowa 33, *Budlong v. Cottrell,* 64 Iowa 234, as holding that the lease in question is a conditional bill of sale, and *Reynolds v. Black,* 91 Iowa 1, and *Anundsen v. Printing Co.,* 129 Iowa 200, as holding that labor claims are prior and superior to such liens or chattel mortgages placed of record before the labor claims were made or services rendered. We do not understand appellee to deny these legal propositions.

It is the contention of appellants that, under Sec. 4019 of the Code, a labor claimant has a lien on the property itself; and that it becomes fixed by operation of law as soon as the property is seized as contemplated by the statute; and that Chase & West, the seller of the property under a conditional bill of sale, may not, by notice to the sheriff, cause the property to be released and thereby defeat the court from enforcing labor claimants' liens; and that the claimant's lien is prior to the lien or claim of Chase & West. The appellants contend that Chase & West, by their lease, had only a lien as security for the purchase money of the property. It does not appear that Chase & West had any other claim upon the property, but they served notice on the sheriff that they were the owners of the property. The sheriff was not called upon to determine the legal effect of the lease, whether it was in effect a chattel

mortgage, or whether Chase & West were owners thereunder. The levy of the writ of attachment would give Chase & West a lien upon the property, but that was released when plaintiff's attorneys directed the sheriff to release the property after the notice of ownership had been served. And when afterwards they filed an answer to the petition of intervention of appellants, they did not claim any lien.

The statute provides that when the property of any company, corporation, firm or person shall be seized upon by any process of any court, or placed in the hands of a receiver, trustee or assignee, or their property shall be seized by the action of creditors, for the purpose of paying or securing the payment of the debts of such company, corporation, firm or person, the debts owing to employees for labor performed within the ninety days next preceding the seizure or transfer of such property, to an amount not exceeding one hundred dollars to each person, shall be a preferred debt and paid in full, etc. The statute is not exactly the same as it was when some of our decisions were made. Several of our cases refer to labor claims as liens, but the question has generally arisen when the property had been sold, and the controversy was then as to priority between labor claimants and others having liens on the property. We are cited to no case in this jurisdiction or any other holding definitely that such claims are liens upon the property itself. It is not claimed, and doubtless could not be, that laborers have a lien on the property itself before it is seized and in the custody of the law. The writer is of the opinion that, when property has been seized and is once in the custody of the law, labor claims such as these are liens upon the property itself, and that, had claimants pressed their claim for the appointment of a receiver, and had one appointed before the sheriff released the property, so that it could be said the property was in the custody of the court, they would have been entitled to have the property sold to satisfy their claims; and I think, under such circumstances, their labor claims are liens, and that such was

the purpose and intent of the legislature; and I think the same would be true after a seizure by the sheriff if no notice of ownership had been served, or if the sheriff had taken the responsibility of holding the property after notice without requiring a bond. If a receiver had been appointed, or if no notice had been served, the sheriff would have been protected.

There is no claim in this case of any collusion between plaintiff and Chase & West. But suppose plaintiff's claim for a landlord's lien had been for only $100.00, and the claim of Chase & West $2,000.00. The labor claims amount to $250.00. Under such circumstances, Chase & West could pay off plaintiff's claim for rent and plaintiff could dismiss the case so that there would be no sale of the property and no preference in the proceeds in favor of the claimants. Other conditions might arise so that in many cases the very purpose of the law might be defeated.

The statute in Illinois is much like ours and provides that debts for labor against a person whose business shall be suspended by creditors shall be preferred claims and first paid in full. In *Heckman v. Tammen et al.*, 184 Ill. 144, 56 N. E. 361, it was said that the only questions important to be considered are whether or not the appellees belong to the class of persons whose claims are to be treated as preferred, under the statute, and, if it be conceded or held that appellees, as such claimants, are entitled to a preference in payment, whether or not they are entitled to such preference over the claim or demand of appellant secured by a chattel mortgage. The court did say:

"The effect of the act is to create in favor of laborers and servants a statutory lien upon chattel property superior to the claims of other creditors in cases coming within the provisions of the statute. This is manifest from the language of the act. We must ascertain the intention of the legislature from the language used, and we cannot interpolate exceptions

or qualifications where none can be implied from a consideration of the entire act, or from it and other acts in *pari materia.* This legislation is remedial and should be liberally construed. In most cases such laborers have no available means to make secure their demands for labor. Such demands are usually small and payable at short intervals, and it is but the enactment of the simplest natural justice into law that when the chattel property used in the business is seized by creditors and the business is thereby suspended, such property should be held for the payment of such labor demands before other creditors are paid. Almost from time immemorial similar protection has been awarded to seamen.''

It cannot be said, perhaps, that this case actually decides the point now under consideration, yet to my mind the reasoning is sound. In that case, *Reynolds v. Black,* 91 Iowa 1, is cited as sustaining the conclusion reached. As an original proposition, I should have some doubt whether in all cases labor claims should be held to be superior to an existing chattel mortgage. *McDaniel v. Osborn,* 2 L. R. A. (N. S.) 615, and Note. It seems to have been held by this court that such claims are prior and superior to such a chattel mortgage. *Reynolds v. Black, supra; Anundsen v. Printing Co.,* 129 Iowa 200; *Snyder v. Carson,* 155 Iowa 552, 557.

But that question is not in this case, unless it be held that under the circumstances the appellants' claims were liens upon the property. But it is perhaps unnecessary to determine the point whether claimants would have had a lien on the property had no notice of ownership been served on the sheriff, or if, after such notice, a bond had been given, or if plaintiffs had presented their petition for a receiver to the court and had a receiver appointed; because notice was served, no bond was given, and claimants did not present their application for a receiver to the court and have a receiver appointed before the sheriff released the property. Had there been a sale of the property, there would, of course, be no question

as to claimants' right to participate in the distribution of the proceeds. In that case, the priority of the claims of the different parties could have been determined, and in that case, if the question had been litigated, it could have been determined whether Chase & West had only a lien under their lease or whether they were owners of the property.

Though the claims of appellants and their petitions of intervention were filed before the sheriff released the property, he was not a party to the action and was not required to take notice of the interventions or the claims. It is possible, though we do not determine the point, that claimants could have served notice on the sheriff of the filing of their claims and their petition for a receiver before the property was released, and the sheriff, under Sec. 3925 of the Code, make application to the court for directions. That section provides: "The court may from time to time make and enforce proper orders respecting the property, sales and application of the money collected." This was attempted in *Wells v. Kelley*, 121 Iowa 577. In that case, the notice on Kelley was held not to be sufficient because he was not at the time acting as an officer, but was only an agent foreclosing a chattel mortgage by notice and sale. The sheriff was bound to levy upon property as directed by plaintiff.

Persons claiming to own the property had a right to serve notice of ownership, and when that was done the sheriff could release unless a bond was given.

The sheriff was not compelled at his peril to hold the property unless the bond was given. In a sense, this property was seized when the levy was made, but it was subject to notice of ownership by others and subject to be released if the bond was not forthcoming. Under the circumstances shown in this case, we think it cannot be said that the property was in the custody of the law until the bond was given or a receiver appointed.

In *Wells v. Kelley, supra,* force was given to the fact that property was not in the custody of the law in determining

that labor claimants were not entitled to participate in the distribution of money received on the foreclosure of a chattel mortgage. At the time of the decision in that case, Sec. 4019 of the statute did not contain one clause that was in the statute prior thereto and which is similar to the present statute. In that case, referring to Sec. 4019 of the Code as it then stood, the court said that the statute "in a word, provides that the property of a corporation, etc., held in *custodia legis*, through the medium of some process of court, or by a receiver, trustee or assignee, shall be subject to labor liens. It does not refer, in terms or by necessary implication, to the disposition of property otherwise than by an officer, and pursuant to an order of court, or under the process of a court."

And in the same case it is said that the purpose of the legislature in omitting from the statute the clause, "or when their business shall be suspended by the action of creditors," etc., was "to confine the operation of the statute to those cases where the taking of the property, or the disposition thereof, was by virtue of some process or order of court. Now in this case no court had jurisdiction of the mortgage foreclosure, and no officer of court was in possession or had control of the property."

The cases are reviewed in *Anundsen v. Printing Co.,* 129 Iowa 200. In that case, a part only of the property of the debtor was seized, and a part of it was fraudulently shipped out of the state, and it was held that as to the property still in the custody of the law, it was liable for labor claims.

*Snyder v. Carson,* 155 Iowa 552, was a contest between a landlord and one who had purchased at foreclosure sale of the chattel property after it was seized under the writ of attachment, but in that case the attachment had not been released, but the property, or its proceeds, was still in the custody of the court. The labor claims were ordered paid first.

Our conclusion is that, under the circumstances of this

case, for the reasons given, the judgment of the trial court was right, and it is, therefore,—*Affirmed.*

DEEMER, C. J., EVANS and LADD, JJ., concur in the conclusion reached.