GREENLEASE-LIED MOTORS, Appellee, v. JOHN J. SADLER, Appellant.

No. 41722.

JUNE 20, 1933.

Kimball, Peterson, Smith & Peterson and Tinley & Tinley, for appellant.

Tinley, Mitchell, Ross & Mitchell, for appellee.

KINTZINGER, J.—The plaintiff was engaged in the sale and distribution of Oldsmobile automobiles at Omaha, Nebraska. One Clayton Crowley was an automobile dealer at Council Bluffs engaged in the business of selling Oldsmobile and other cars in that city, under the

name of "Crowley Motors". One of Crowley's selling agents was one W. Johnson.

On the 11th of April, 1931, Mr. Johnson as Crowley's agent arranged for the sale of an Oldsmobile car on a cash basis, to the defendant John J. Sadler of Council Bluffs. Crowley did not have the model Sadler wanted, so on April 12 he went to the Greenlease-Lied Motors Company's salesrooms in Omaha for the purpose of getting possession of the kind of a car Sadler wanted. He then made arrangements with the plaintiff to get possession of the automobile in question, for the purpose of making a cash sale, but with the specific understanding that he return the car or the cash received from the sale of it by 4 o'clock the same day.

Before Crowley went to plaintiff's to get the car, Mr. Johnson told him that he had arranged to sell the car to the defendant Sadler for $998 on a cash basis with an allowance of $100 for a used Dodge car.

When Crowley called on the plaintiff to get possession of the car, he told them that he had practically made a sale of this car for cash in Council Bluffs; that if they would allow him to take it out he would sell it and come back and pay them the cash or return the car by 4 o'clock that afternoon. Crowley was to return $756.25; the difference between that and the sale price was his commission or profit. The company hesitated in letting him take the car, but finally agreed that he could take it out to sell, with the express understanding that he return the car or the cash therefor by 4 o'clock the same day.

Appellant contends the transaction amounted to a conditional sale, that the agreement was not recorded, and therefore not binding on defendant, and that the sale vested title in defendant.

Appellee contends that the title in the car remained in the plaintiff: (1) Because the transaction between the plaintiff and Crowley made Crowley plaintiff's agent, and the title of the car was in the plaintiff, and that Crowley was only authorized to sell for cash; and (2) that the title of the car never, in fact, passed to the defendant because neither Crowley nor his agent Johnson had any authority to sell the car upon any other terms than on a cash basis.

During the four years prior to the trial plaintiff had sold the Crowley Motor Company many cars. With a few exceptions they were always paid for in cash, or by taking a chattel mortgage

thereon. In some instances they let him have cars on his agree-
ment to pay or bring back the car.

In this case the plaintiff authorized Crowley to take the car
out to sell for cash, with the distinct understanding and agree-
ment that Crowley would bring back the car, or the cash from its
sale, by 4 o'clock the same afternoon. Before Crowley received the
car, plaintiff's manager suggested that his assistant accompany
Crowley to get the money when the car was sold. It was agreed,
however, to let Crowley take possession of the car himself with
that understanding.

Crowley then drove the car to Council Bluffs, and turned it
over to Johnson to close the sale with Sadler on a cash basis with
an allowance of $100 for a Dodge used car.

Johnson had arranged for the sale on that basis the day before.

At that time Sadler told Johnson that an assignment of the
car would have to be registered, and the license procured in his
name, before he would accept the car. These matters were all
attended to by Johnson, before delivering the car, but without
the knowledge or consent of Mr. Crowley. After doing so Johnson
delivered the car, the registered assignment, and the license plates
to defendant. Thereupon Sadler gave Johnson the Dodge car, a check
for $177.90, and an assignment of an old judgment against Crow-
ley which Sadler had secured from Carl M. Huber, for the balance.

Johnson then took the check, the assigned judgment, the Dodge
car, and a copy of the bill of sale, marked paid, to Crowley. Mr.
Crowley never authorized Johnson to sell on that basis, and im-
mediately after learning of the unauthorized sale he called at the
defendant's store, returned the papers he had received from John-
son, and told Sadler he could not accept anything but cash for
the car, as it belonged to the Greenlease-Lied Motor Company of
Omaha. Defendant said he had nothing to say, and if he did he
would say it in court. He also ordered Crowley to leave his place.
Crowley returned the papers, check, and Dodge car Johnson received
from Sadler, told him he could not accept them, that the car
belonged to the plaintiff, and that he would have to have the cash
or the automobile. Defendant told him to try and get the car,
and that he had it locked up. Defendant denied that Crowley told
him the plaintiff had any interest in the car.

At the time the car was delivered to Crowley, there was no
written or expressed oral conditional sale contract entered into

unless such an oral contract can be implied from the facts here-inabove set out. Whether or not a conditional sale contract was entered into, or whether or not the transaction resulted in a bail-ment and agency for the sale, must be implied from the facts hereinabove set out.

The lower court found from the evidence as a matter of fact that the plaintiff company did not intend to part with the title of the car in any manner unless and until they received the cash therefor, that the title of the car never did pass to Crowley, and that Crowley in effect became and was the agent of the plaintiff for the purpose of sale, and that he had no authority to sell except on a cash basis.

If the evidence hereinabove disclosed was sufficient to war-rant a jury in finding that Crowley was plaintiff's agent, and that he was not authorized to sell the car upon any other terms than cash, then we are bound by such findings of the trial court. It is the settled law of this state that the findings of the court, on questions of fact, have the same effect as the finding of a jury, and we are bound thereby.

As supporting their contention that plaintiff made a condi-tional sale to Crowley, appellant cites Crosby v. Paine, 170 Minn. 43, 211 N. W. 947. In that case a bond dealer secured possession of a number of bonds from plaintiff, (1) either for the purpose of *exhibiting them* to a prospective purchaser of similar bonds, or (2) for the purpose of *selling them* and returning the same amount of similar bonds later on. Plaintiff claimed the bond dealer was not authorized to sell them, because the bonds were delivered only for the purpose of showing them to a prospective purchaser of similar bonds, and therefore the title never passed. Defendant contended that plaintiff delivered the bonds to the dealer for the purpose of sale, with the understanding that he would receive the same amount of similar bonds from the dealer, in lieu of his bonds later. The question as to the nature of the transac-tion was submitted to the jury. The jury found, *as a matter of fact,* that the bonds were delivered to the bond dealer *with the power to sell* in the ordinary course of business. The bonds were so sold by the dealer to the defendant in that case. Plaintiff sought to recover the value of the bonds from the purchaser. The jury found the facts against the plaintiff and he was not permit-ted to recover.

Another case relied on is Maxwell Motor Sales Corp. v. Bankers M. & S. Co., 195 Iowa 384, 192 N. W. 19, 20. In that case there was also a delivery of an automobile to a local dealer under an express written trust agreement. The agreement gave the local dealer "liberty * * * to exhibit and sell same for its account for cash for not less than $691.25." In the written agreement the local dealer was to keep the proceeds of the sale separate from their funds and *immediately hand the proceeds* of the sale to the Maxwell Corporation. In that case, however, a note for $691.25 was also executed to the Maxwell Motor Company payable in three months. The plaintiff contended that its agreement with the local dealer constituted an "agency and bailment". The note given also provided for its payment before the automobile could be sold or exchanged. This was inconsistent with appellant's theory of a "bailment and agency", and was given great weight in construing the contract to be a conditional sale. In that case we said:

"Mere delivery of the motor vehicle to the dealer with authority to sell the same, under the strict requirement that it immediately account to the Maxwell Motor Sales Corporation for the proceeds thereof may be as consistent with appellant's theory of an *agency and bailment* as appellee's theory that a *conditional sale* resulted [italics ours], but the contract must be construed as a whole. The automobile * * * was, upon either theory, delivered to the dealer for sale. He was required to give his note therefor due in three months. It provided that it must be paid before the automobile could be sold or exchanged. This is inconsistent with appellant's theory of a bailment, and must be given great weight in the construction of the contract which we think must be construed as a conditional sale."

In the case at bar there was no written contract; there was no expressed intention on the part of the plaintiff to sell the automobile to Crowley. There was nothing expressly said about a sale to Crowley. He was given possession of the automobile for the purpose of selling it for cash, with the understanding that he pay the proceeds or return the car to plaintiff before 4 o'clock that afternoon. The distinction between this case and the Maxwell Motor Corporation case is that here the possession was delivered to Crowley, not as his car but for the purpose of sale; here he was authorized to sell before it was paid for. In the Maxwell case it

was agreed that the car should be paid for before any sale or exchange was made.

The term "agency" was not used, but "where the facts are such as to create an agency, as a matter of law, the actual intention of the parties and the name they give to their relation are immaterial; they cannot agree that facts which in law establish the relation of agency shall not establish that relation or shall establish a different relation." 31 Cyc. 1216; 2 C. J. 434.

"The relation of agency does not depend upon an express appointment and acceptance thereof, but it may be, and frequently is, implied from the words and conduct of the. parties and the circumstances of the particular case. It may be implied from a single transaction." 2 C. J. 435, sec. 32; Aga v. Harbach, 127 Iowa 144, 102 N. W. 833, 109 Am. St. Rep. 377, 4 Ann. Cas. 441; Grant v. Humerick, 123 Iowa 571, 94 N. W. 510; Harrison v. Legore, 109 Iowa 618, 80 N. W. 670; Trotter v. Grand Lodge, 132 Iowa 513, 109 N. W. 1099, 7 L. R. A. (N. S.) 569, 11 Ann. Cas. 533.

"It is often difficult to determine upon general principles whether any agency exists; rather it must be determined from the facts and circumstances of the particular case, and if it appears from such facts and circumstances that there was at least an implied intention to create the relation, it will by implication be held to exist." 2 C. J. 436.

In the case of Trotter v. Grand Lodge, 132 Iowa 513, 109 N. W. 1099, 1101, 7 L. R. A. (N. S.) 569, 11 Ann. Cas. 533, we said: ·

"There is no magic in the mere name of a thing, and if an act done or performed by one person or party for or in behalf of another is in its essential nature one of agency, then the former is the agent of the latter. This principle has been often enforced as between the insurer and insured, and the person appointed or designated to receive payment of premiums and assessments held to· be the agent of the insurer, even where, by the terms of the contract, it is provided that he shall be regarded as the agent of the insured."

The trial court in its finding on the facts found that the relation of·principal and agent between plaintiff and Crowley existed. This finding was based on the peculiar facts in this case. If, as contended by appellant, the transactions between plaintiff and

Crowley created a conditional sales contract, then a sale by Crowley or his agent, in the usual course of business, would give title to the purchaser, because the conditional sale agreement was not recorded as required by statute.

The definition of a "conditional sales contract" and an agreement creating a "bailment and agency" is set out in the case of Donnelly v. Mitchell, 119 Iowa 432, 93 N. W. 369, 371. In that case, speaking through McClain, J., we said:

"To constitute a conditional sale within the terms of the statute, there must be a delivery of possession to the purchaser, *with the intention of passing immediate ownership* [italics ours], subject only to the reservation of title to the seller as security for the purchase money. Wright v. Barnard, 89 Iowa 168, 56 N. W. 424; Gaar, Scott & Co. v. Nichols, 115 Iowa 223, 88 N. W. 382; Davis v. Giddings, 30 Neb. 209, 46 N. W. 425. If the contract is conditional as to the transfer of ownership to the vendee, so that on his failure to perform the condition no right as owner has passed to him, *and no definite obligation to pay the purchase price has accrued*, then, instead of the transaction being a conditional sale, such as is contemplated by the statute, the delivery of possession constitutes a bailment only, with a right of purchase. In such a case the vendee has only an executory and conditional agreement for purchase, and until he exercises his right under such agreement he remains merely a bailee."

In the case of Norwegian Plow Co. v. Clark, 102 Iowa 31, loc. cit. 37, 70 N. W. 808, 810, we said:

"If the contract is one of pure agency, providing for a consignment of goods to be paid for at a fixed price out of the proceeds of the goods when sold, this is a bailment for sale, and the title remained in the appellee until the goods were sold to a bona fide purchaser for value. But if the contract is in form an agency contract, but really one of sale, made so for the purpose of evading the statute, or if it is in reality a contract of sale by which the consignee became in fact a purchaser, and was liable for the goods when sold as the principal debtor, then the contract is one of sale. * * * One of the principal tests by which to determine this question is, was there a binding promise on the part of the consignee to pay for the goods? If there was such promise, the contract is

ordinarily held to be one of sale, and not of bailment. Bentley v. Schnyder, 101 Iowa, 1, 69 N. W. 1023. Great difficulty arises in applying these rules, and, as a consequence, there are numerous and conflicting decisions on the subject. * * * The contract, instead of being plain and simple, is long, indefinite, and somewhat obscure. It gives Bush the privilege of selling appellee's goods in a certain territory, provides that he shall obtain settlement for all goods at time of delivery, either in cash or notes, * * * and that he shall turn over all cash and notes received by him to appellee. None of the proceeds of sales could rightfully be used by Bush until appellee was paid in full."

In the case at bar there was no binding agreement on the part of Crowley to pay for the automobile. The facts in this case show that the car in question was delivered to him for the purpose of sale to a prospective purchaser, and that he, out of the proceeds of the sale, was to pay the plaintiff the cash proceeds of the sale, less his commission. If there was no such sale made the car was to be returned to the plaintiff by 4 o'clock the same day.

Delivery of the automobile to Crowley with authority to sell, under the requirement that he immediately account to the plaintiff for the cash proceeds from the sale, are as consistent with appellant's theory of a conditional sale, as with the appellee's theory of an agency and bailment.

We believe that under the peculiar nature of the transaction between plaintiff and Crowley, the question of whether the transaction amounted to a conditional sale, or created an agency and bailment, was for the jury. 55 C. J. 43; 23 R. C. L. 1216; Holbert v. Keller, 161 Iowa 723, 142 N. W. 962; Collins v. Collins, 139 Iowa 703, 117 N. W. 1089, 18 L. R. A. (N. S.) 1176, 16 Ann. Cas. 630.

"The primary test as to the character of a contract, as to whether it constitutes a contract of sale or one of agency, is the intention of the parties gathered from the whole scope and effect of the language employed, and in doubtful cases the question must be determined upon a review of all that passed between the parties, before and contemporaneously with the dealings under consideration, and is generally a question of fact to be determined by a jury." 52 C. J. 43.

"When any evidence is adduced tending to prove the existence of a disputed agency, its existence or nonexistence is as a general

rule a question of fact for the jury, aided by proper instructions from the court, even though the evidence is not full and satisfactory; and in such cases it is error for the court to take the question from the jury by directing a verdict." 2 C. J. 960, sec. 731.

This case was submitted to the lower court without a jury. We believe there was sufficient evidence to warrant a jury in finding that Crowley was plaintiff's agent in the transaction. The findings of the court upon this question of fact is therefore binding upon this court. We find no error therein.

II. Under the facts as found by the trial court, Crowley as agent was not permitted to sell the car in question except on a cash basis. Even in the absence of any such instructions, it is the general rule that an agent has no authority to sell except for cash. An agent cannot therefore bind his principal by accepting any other or different consideration. Ormsby v. Graham, 123 Iowa 202, 98 N. W. 724; Garland Corp. v. Waterloo L. & T. Co., 185 Iowa 190, 170 N. W. 373; Hillstrom v. Farmers Inc. Society, 197 Iowa 13, 196 N. W. 595; Western Securities Co. v. Atlee, 168 Iowa 650, 151 N. W. 56; Wilken v. Voss, 120 Iowa 500, 94 N. W. 1123.

The undisputed evidence shows that Crowley's agent, Johnson, had no authority to sell except on a cash basis. It is therefore questionable whether a sale by him on different terms would be valid even if the transaction between plaintiff and Crowley could be considered a conditional sale. In view of our holding hereinabove set out it is unnecessary to consider that question here.

The lower court found that Crowley was in effect plaintiff's agent, that he had no authority to sell except for cash, that the automobile was not sold for cash, and that the title remained in the plaintiff. As hereinabove indicated, the evidence was sufficient to sustain such a finding.

As the finding of facts by the trial court is binding upon this court, we believe the judgment entered thereon by the lower court was correct, and the same is therefore affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and MITCHELL, JJ., concur.