HARLEY V. WINCHESTER, administrator of estates of Bertha Winchester, Lizzie Augusta Winchester, and William Eugene Winchester, deceased, appellee, v. NORMAN A. SIPP et al., defendants; FRITO MIDWEST Co., a corporation, appellant.

(Three cases consolidated)

No. 50090.

(Reported in 106 N.W.2d 55)

NOVEMBER 15, 1960.

Cook & Drake, of Glenwood, and Cassem, Tierney, Adams & Henatsch, of Omaha, Nebraska, for appellant.

Thomas & McGee, of Glenwood, and John F. MacKenzie, of Omaha, Nebraska, for appellee.

THORNTON, J.—A mother, her son, and daughter-in-law lost their lives in a motor-vehicle collision on April 8, 1955. The actions by the administrator of each of the estates were consolidated for trial and are so presented here.

The collision occurred in Mills County on Highway No. 34. Plaintiff's decedents were traveling east in a passenger car and a wrecker towing an automotive tractor was going west. At the point of collision the wrecker became detached from the towed tractor and crossed over the center line of the pavement to the south causing the collision. The towed tractor went into the ditch on the north or right-hand side and did not come in contact with the car in which the decedents were traveling. On the trial the jury returned verdicts in favor of plaintiff in each case.

The questions raised here have to do with the interest of appellant in the towed tractor and not with the happenings on the highway. It was stipulated defendant George Shaw was the driver of the wrecker at the time of collision and was towing the tractor, owned by defendant Norman A. Sipp. The wrecker was owned by Darwin Redman and loaned by him to Sipp. Shaw was acting as an employee of Sipp and under his control and authority. Plaintiff alleged Shaw and Sipp were acting as Frito Midwest Company's employees and under its direction and control. He also alleges Sipp, Redman and Frito were engaged in a joint enterprise and Shaw was acting as their employee. The basis of liability is not statutory but is the common-law responsibility of one person for the acts of another. Plaintiff's evidence, in addition to the facts stipulated, showed Frito leased the tractor from Sipp under a written lease, Exhibit B, dated March 28, 1955, and Frito's employee drove the tractor pulling a trailer owned by Frito from Omaha to Creston where the tractor was involved in a collision and became disabled. Shaw drove the wrecker from Omaha to Iowa, attached the tractor to the wrecker, and was on his way back to Omaha when the collision took place. There was no evidence Sipp and Shaw were employees of Frito, or Sipp, Redman and Frito were engaged in a joint enterprise and Shaw was their employee unless such can be inferred from the lease, Exhibit B, between Sipp and Frito and the legal duties cast on the parties by virtue of it. The lease provided Sipp was to furnish

Frito one automotive tractor, available on a 24-hour basis, from April 1, 1955, to and including May 15, 1955, of sufficient size for Frito's purpose. Sipp was to furnish fuel, repairs and all insurance except liability, and additional tractor equipment if needed and was to receive 12¢ per mile. Frito was to pay the salary of a driver, pay for and carry liability insurance, and pay the mileage. There was no provision relating to the return of any tractor furnished.

Objections to Frito's offer of evidence relating to the termination of the lease of the disabled tractor were sustained. The trial court instructed the jury if they found plaintiff was entitled to recover he was entitled to recover against all defendants. Frito Midwest Company's motions for a directed verdict at the close of plaintiff's evidence, at the close of all the evidence, for a new trial, and for judgment notwithstanding the verdict were overruled and it appeals urging two propositions for reversal.

I. We will deal with appellant's proposition the trial court erred in failing to direct a verdict for it. Appellant's contention is there is no evidence in the record it exercised any control over the tractor at the time of the collision and no inference of control arises from the fact the tractor was being towed by an employee of the owner.

Appellant argues an owner of a motor vehicle is not responsible for an accident occurring after the vehicle has been turned over to a garage man, independent contractor. Kohler v. Sheffert, 250 Iowa 899, 96 N.W.2d 911, Johnson v. Selindh, 221 Iowa 378, 265 N.W. 622, 39 N. C. C. A. 289, and citations in each, and a fortiori, a lessee is not liable when the vehicle is again in the possession and control of the lessor.

Plaintiff urges the written lease constituted a bailment and where the contract is silent on the subject the bailee has the implied duty to return the bailed property to the bailor at the point of origin and that Sipp was Frito's agent in returning the tractor to Omaha. The argument is under the circumstances of the case the agency arises. The particular circumstances are not pointed out other than the lease and the implied duty of the bailee to return the property to the bailor at the point of origin.

■   There is no dispute the lease here constitutes a bailment of personal property and where the writing is silent on the matter there is an implied duty on the part of the bailee to return the bailed property to the bailor at the place received, in this case Omaha. Nelsen Auto Sales v. Turner, 241 Iowa 927, 948, 44 N.W.2d 36, 46, 47.

■   It is equally true an agency may be shown by implication. Greenlease-Lied Motors v. Sadler, 216 Iowa 302, 249 N.W. 383, and Popejoy v. Eastburn, 241 Iowa 747, 41 N.W.2d 764.

■■   It does not follow, however, from the fact the disabled tractor was in the possession of the owner, Sipp, through his employee, Shaw, coupled with the implied duty of the bailee to return the tractor to Omaha, Sipp was acting as the agent of the bailee, Frito. A bailment may be terminated by the bailor's resuming possession of the property. 8 C. J. S., Bailments, section 41, page 321; Pan-American Petroleum Transportation Co. v. Robins Dry Dock & Repair Co., 2 Cir., 281 F. 97 (C. C. A. N. Y.) and citations; and Barr v. Van Duyn, 45 Iowa 228. Under the terms of the agreement between Sipp and Frito, Sipp was to make one automotive tractor available on a 24-hour basis beginning April 1 to and including May 15 and to furnish additional tractor equipment if needed. These provisions, without more, do not exclude the intention one or more of the tractors furnished would be in the possession of Sipp during the 46-day period of the agreement. "* * * and make the same available * * * on a twenty-four-hour basis * * *" rather includes the intention Sipp would make adequate equipment available when needed by Frito and not necessarily one particular tractor or any tractor for the full 46 days. Likewise the provision "* * * to pay for and carry liability insurance * * *" does not necessarily include the intention such insurance would cover equipment returned to the possession of Sipp. The evidence does show the only tractors furnished by Sipp to Frito under the agreement were the one being towed, involved here, and the one furnished as a replacement. Paragraph 2 of the lease provides: "First Party [Sipp] agrees to pay all expenses * * * including but not limited to, * * * repairs, * * *

and all insurance except liability insurance." At the point Sipp retook possession of the tractor it had become disabled and was in need of repairs. He had the duty to pay for the repairs, also to carry all insurance except liability insurance. By its terms the agreement relieved defendant Frito of this duty. At Sipp's option he could pay for repairs or carry collision insurance. It was his right to take possession for that purpose. In so doing he could hardly be acting for or jointly with Frito. Plaintiff has not offered any evidence relating to dealings of Sipp and Frito in regard to returning the tractor. We hold from the facts placed in evidence it does not follow as a matter of law Sipp was acting as Frito's agent or they were acting jointly, nor does this evidence raise a question of fact to be determined by the jury.

II. Plaintiff urges two additional theories to sustain the liability of appellant. One is, the provision in the lease requiring Frito to pay for and carry liability insurance is a contract for the benefit of a third party, that is, the general public using the highway, and this vests such a right in the general public the agreement cannot be rescinded until the tractor is returned to the point of origin. While it is true a contract may be for the benefit of an unidentified third party we do not find any of the authorities urged by plaintiff hold the parties to the agreement cannot modify or terminate it before the rights of third persons attach. In fact the latest case of this court cited by plaintiff, Iowa Home Mutual Casualty Co. v. Farmers Mutual Hail Ins. Co., 247 Iowa 183, 188, 73 N.W.2d 22, 25, specifically points out this right to modify or terminate.

The other proposition contains two thoughts. One is, even if Sipp is considered an independent contractor Frito should not be relieved of liability because the work is inherently dangerous and where the operation may be carried on only by permission given by public authority, and the other is, it is against public policy to permit Frito to avoid liability by terminating the lease as to the tractor involved or claiming Sipp was an independent contractor.

We do not understand appellant contends the evidence shows Sipp to be an independent contractor but advances such argument by way of analogy only.

We have carefully examined the authorities urged by plaintiff and do not find them to be factually in point. The latest cases cited by plaintiff are War Emergency Co-op. Assn. v. Widenhouse, 169 F.2d 403 (4 Cir., 1948); Barry v. Keeler, 322 Mass. 114, 76 N.E.2d 158; and Kemp v. Creston Transfer Co., 70 F. Supp. 521 (N. D. Iowa). All of the authorities cited by plaintiff are cited in these three cases. The holding in each of these cases is stated in section 428 of the Restatement Law of Torts as follows:

"An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity."

In the War Emergency Co-op. Assn. case and the Kemp case the owners of tractor-trailer equipment leased them to common carriers licensed by the Interstate Commerce Commission to engage in interstate freight motor transportation. The owners or their employees operated the equipment involved in collisions and the permit holders were held liable under the rule announced in section 428 of the Restatement above set out. The holdings do not extend to private carriers. The evidence in this case shows conclusively Frito is not a common carrier. We do not find the authorities cited by plaintiff or any other authorities declare any public policy with regard to private carriers dealing among themselves before rights of others have intervened.

Viewing plaintiff's evidence in the light most favorable to the judgment a fact question for the determination of a jury is not raised as above pointed out. The evidence does no more than reach the point one or more legal conclusions are indicated. Sufficient evidence has not been introduced to determine whether or not Shaw, the driver, the owner's employee, or Sipp, the owner, was acting for the defendant Frito. It follows the

motions to direct and for judgment notwithstanding the verdict should have been sustained.

III. In view of our holding in the foregoing divisions it is unnecessary to discuss the offer of evidence by Frito relative to the dealings between Sipp and it for termination of the lease of the tractor.

The case is reversed and remanded with directions to sustain the motion of defendant Frito Midwest Company for judgment notwithstanding the verdict. The costs are taxed to plaintiff except printing costs in excess of $1.50 per page incurred by defendant Frito Midwest Company.—Reversed and remanded with directions.

All JUSTICES concur except GARRETT, J., who takes no part.